# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>SRINATH DHARMAPADAM<br>PURVI SRINATH DHARMAPADAM, AKA PURVI P TIJORIWALA | CASE NO: 4:23-bk-00487 MJC<br>**DECLARATION OF MAILING CERTIFICATE OF SERVICE**<br>Chapter: 11 |

On 6/7/2023, I did cause a copy of the following documents, described below,

Order and Notice Under Subchapter V of Chapter 11 Fixing Dates for: Hearing on Confirmation of Chapter 11 Plan; Filing Acceptances or Rejections of Plan; and Filing Objections to Confirmation of Chapter 11 Plan

Small Business Debtors' Original Chapter 11 Plan or Reorganization

Ballot for Accepting or Rejecting Plan or Reorganization

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 6/7/2023

/s/ Gary J. Imblum
Gary J. Imblum  42606

Imblum Law Offices, PC
4615 Derry Street
Harrisburg, PA  17111
717 538 5250
sharlene.miller@imblumlaw.com

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | CASE NO: 4:23-bk-00487 MJC |
|---|---|
| SRINATH DHARMAPADAM<br>PURVI SRINATH DHARMAPADAM, AKA PURVI P TIJORIWALA | **CERTIFICATE OF SERVICE DECLARATION OF MAILING**<br>Chapter: 11 |

On 6/7/2023, a copy of the following documents, described below,

Order and Notice Under Subchapter V of Chapter 11 Fixing Dates for: Hearing on Confirmation of Chapter 11 Plan; Filing Acceptances or Rejections of Plan; and Filing Objections to Confirmation of Chapter 11 Plan

Small Business Debtors' Original Chapter 11 Plan or Reorganization

Ballot for Accepting or Rejecting Plan or Reorganization

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 6/7/2023

_____
Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Gary J. Imblum
Imblum Law Offices, PC
4615 Derry Street
Harrisburg, PA 17111

# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Srinath Dharmapadam, | : | Case No. 4:23-00487-MJC |
| Purvi Srinath Dharmapadam, | : | |
| | : | |
| Debtors. | : | |

## ORDER AND NOTICE UNDER SUBCHAPTER V OF CHAPTER 11
## FIXING DATES FOR: HEARING ON CONFIRMATION OF CHAPTER 11 PLAN;
## FILING ACCEPTANCES OR REJECTIONS OF PLAN; AND
## FILING OBJECTIONS TO CONFIRMATION OF CHAPTER 11 PLAN

**AND NOW**, whereas the above-captioned debtors and debtors-in-possession ("Debtors") have elected to proceed with this case under Subchapter V of Chapter 11 of Title 11 of the United States Code, the Court having held a status conference on **May 2, 2023,** and Debtors' proposed plan of reorganization ("Plan of Reorganization or Plan") having been filed on **June 5, 2023**, Dkt. # 40,

**IT IS HEREBY ORDERED** that the following dates and deadlines will govern the procedure of this case:

1. Service of Plan Documents. **Within three (3) days** after the entry of this Order, Debtors shall serve a copy of this Order, the Plan, and a ballot conforming to Official Form 314 (Class Ballot for Accepting or Rejecting Plan of Reorganization) on all creditors, equity holders, parties in interest, the Subchapter V Trustee, and the United States Trustee, and file a certificate of service with the Court **no later than seven (7) days** after entry of this Order.

2. Submission of Class Ballots. **Thursday, July 6, 2023** is fixed as the last day

1

for filing written acceptances or rejections of the Plan. A written summary of ballots (Local Form 3018-1) must be filed by Debtor with the Court and transmitted to the United States Trustee **no later than Thursday, July 13, 2023**.

3. <u>Objections to Plan</u>. **Thursday, July 13, 2023** is the deadline for filing and serving written objections to confirmation of Debtor's Plan of Reorganization pursuant to Federal Rules of Bankruptcy Procedure 2002(b) and 3020(b)(1). Any party in interest objecting to Debtor's Plan of Reorganization, including the proposed treatment of any claim or interest under the Plan, must file and serve a timely objection in accordance with this Order and the applicable rules.

4. <u>Deadline to Make §1111(b)(2) Election</u>. A secured creditor that wishes to make an election under 11 U.S.C. §1111(b)(2) must do so no later than **Thursday, July 13, 2023.**

5. <u>Confirmation Hearing</u>. The Court shall hold a hearing on confirmation of Debtors' Plan of Reorganization on **Thursday, July 20, 2023 at 10:00 a.m.** in the United States Bankruptcy Court, Max Rosenn U.S. Courthouse, Courtroom 2, 197 S. Main Street, Wilkes-Barre, Pennsylvania, 18701.

By the Court,

_____
Mark J. Conway, Bankruptcy Judge
Dated: June 5, 2023

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | CASE NO. 4:23-bk-00487-MJC |
| SRINATH DHARMAPADAM | : | |
| PURVI SRINATH DHARMAPADAM | : | CHAPTER 11, Subchapter V |
| aka PURVI P. TIJORIWALA | : | |
| Debtors | : | |

### SMALL BUSINESS DEBTORS' ORIGINAL CHAPTER 11
### PLAN OF REORGANIZATION

This Original Plan of Reorganization (the "Plan") is the proposed Plan for restructuring the debt of Srinath Dharmapadam and Purvi Srinath Dharmapadam ("the Debtors").

### SUMMARY OF ORIGINAL PLAN AND DISTRIBUTION TO CREDITORS

This concise summary of the Plan describes with particularity the treatment of each class of Creditors and the source of funding for the Plan.

The Plan proposes to pay the Debtors' creditors from Debtors' cash flow.

The Plan provides for the following classes of claims and interests for priority claims, secured claims, general unsecured claims and equity interests:

| Class # | Class Description | Impaired or Unimpaired | Plan Section |
|---|---|---|---|
| 1 | Administrative Expense Claims | Unimpaired | 2.1.1 |
| 2 | Secured Claim of PHH Mortgage | Unimpaired | 2.2.1 |
| 3 | Priority Tax Claim of the IRS | Unimpaired | 2.1.2 |
| 4 | General Unsecured Claims | Unimpaired | 2.2.3 |

This Original Plan proposes to pay Administrative, Priority Tax Claims, Mortgage Arrears, and General Unsecured Creditors in full.

The specific treatment of the classes and interest are set forth in Article 2 of the Original Plan.

Only holders of Allowed Claims in a class identified as impaired may vote on whether to accept or reject the Plan. A class accepts the Plan when more than one-half (½) in number and at least two-thirds (2/3) in dollar amount of the Allowed Claims that actually vote, vote in favor of the Original Plan. Also, a class of Equity interest holders accepts the Plan when at least two-thirds (2/3) in amount of the allowed Equity Interest holders that actually vote, vote in favor of the Plan. A class that is not impaired is deemed to accept the Plan.

### ARTICLE 1

### DISCLOSURES REGARDING THE DEBTORS AND THE BANKRUPTCY CASE

**1.1** <u>Nature of the Debtors' Business</u>

Debtor, Srinath Dharmapadam, works as an independent contractor. Debtors also own an interest in the following entities:

    Estya Group, LLC
    Finnegan's Sports Bar, Inc.
    Karta, Inc.
    Kuber Hospitality, LLC
    Lakshmi, Inc.
    Lamar Hospitality, LLC
    Milesburg Hospitality, LLC
    MPT Construction & Plumbing Services, LLC
    Ragu, Inc.
    Raguram Investments, LLC
    Srivigna Management, Inc., a/k/a Lakshmi Kuber, Inc.

**1.2** <u>History of Debtors' Business Operations and Pre-Petition Legal Structure and Ownership</u>

<u>Milesburg Hospitality, LLC:</u>

Srinath Dharmapadam owns 55% of this entity. Purvi Srinath Dharmapadam owns 25% of this entity. Milesburg Hospitality, LLC owned a hotel in Milesburg, Pennsylvania. The business of the hotel suffered greatly as a result of the pandemic and consequently the hotel was closed in December, 2022. The hotel was sold at a foreclosure sale on the day after the filing of subject bankruptcy.

<u>Finnegan's Sports Bar, Inc.:</u>

Srinath Dharmapadam owns 55% of this entity. Purvi Srinath Dharmapadam owns 25% of this entity. This was a sports bar located at Milesburg Hotel. The liquor license of Finnegan's Sports Bar, Inc. lapsed as of January 6, 2023. The sports bar has not been in operation since the hotel was closed in December, 2022.

<u>Srivigna Management, Inc. a/k/a Lakshmi Kuber, Inc.:</u>

Srinath Dharmapadam owns 55% of this entity. Purvi Srinath Dharmapadam owns 25% of this entity. This entity has not been in operating since filing of subject bankruptcy.

<u>Karta, Inc.:</u>
    Purvi Srinath Dharmapadam owns 10% of this entity. This entity stopped doing business in 2007 or 2008.

Kuber Hospitality, LLC:

Purvi Srinath Dharmapadam owns 10% of this entity. This entity owns a Hampton Inn & Suites in Lamar, Pennsylvania. Purvi Srinath Dharmapadam has not received any income from this entity since it began operation in March, 2007 for over 16 years. Tax returns in some years have shown profit with no distribution.

Lakshmi, Inc.:

Purvi Srinath Dharmapadam owns 10% of this entity. This entity operates a Hampton Inn & Suites in Lamar, Pennsylvania. Purvi Srinath Dharmapadam has never received any income from the operation of this entity in March, 2007 for over 16 years. Tax returns in some years have shown profit with no distribution.

Lamar Hospitality, LLC:

Purvi Srinath Dharmapadam owns 10% of this entity. This entity owns Quality Inn in Milesburg, Pennsylvania. Purvi Srinath Dharmapadam has never received any income from the operation of this entity since March, 2007 for over 16 years. The corporation reports profit every year with no distributions received.

Ragu, Inc.:

Purvi Srinath Dharmapadam owns 10% of this entity. This entity operates a Quality Inn in Lamar, Pennsylvania. Purvi Srinath Dharmapadam has never received any income from the operation of this entity since March, 2007 for over 16 years. The corporation reports profit every year with no distributions received.

Raguram Investment, LLC:

Purvi Srinath Dharmapadam owns 5% of this entity. This entity previously owned a Holiday Inn in Pittsburgh, Pennsylvania. The corporation is still in operating with yearly tax returns being filed with no income since it started operating in 2004.

MPT Construction & Plumbing Services, LLC:

Srinath Dharmapadam owns 50% of this entity. Purvi Srinath Dharmapadam owns 50% of this entity. This entity has not been in operation since the filing of the bankruptcy.

Estya Group, LLC:

Srinath Dharmapadam owns 50% of this entity. Purvi Srinath Dharmapadam owns 50% of this entity. Srinath Dharmapadam is receiving income of $60,000.00 per year from this entity as a result of the entity's contract with Sirnaik for performance of consulting services.

1.3 **All Debtors' Assets**
Debtors' primary assets are as follows:

| Asset | Value | Liens | Equity | Exemption | Non-Exempt Equity |
|---|---|---|---|---|---|
| House | $365,000.00 | $88,070.00 | $276,930.00 | $27,900.00 | $249,030.00 |
| Lexus | $4,199.00 | $0.00 | $4,199.00 | $2,600.00 | $1,599.00 |
| Furniture | $13,000.00 | $0.00 | $13,000.00 | $13,000.00 | $0.00 |
| Checking | $5,926.86 | $0.00 | $5,926.86 | $1,000.00 | $4,926.86 |
| Savings | $3,574.45 | $0.00 | $3,574.45 | $2,000.00 | $1,574.45 |
| Fidelity | $4,636.30 | $0.00 | $4,636.30 | $0.00 | $4,636.30 |
| Fidelity | $100,974.56 | $0.00 | $100,974.56 | $0.00 | $100,974.56 |
| Estya | $35,373.96 | $0.00 | $35,373.96 | $0.00 | $35,373.96 |
| Kuber | $108,000.00 | $0.00 | $108,000.00 | $0.00 | $108,000.00 |
| Lamar | $100,000.00 | $0.00 | $100,000.00 | $0.00 | $100,000.00 |
| SECU checking - Debtor 1 only | $492.64 | $0.00 | $492.64 | $0.00 | $492.64 |
| SECU savings - Debtor 1 only | $153.02 | $0.00 | $153.02 | $0.00 | $153.02 |
| | Total | | | | $606,760.79 |

1.4 **Any Assumptions Made Concerning the Asset's Value Particularly to the Extent the Value of the Asset is Different From What was Scheduled as of the Petition Date**

Debtors amended Schedule B to include two (2) bank accounts at SECU. Those were not included on the original Schedules. Same are included in Section 1.4 above. Otherwise, there were no changes in the assumption of asset values made since the filing of Debtors' Schedules on March 8, 2023. The two SECU bank accounts have been closed, and the funds deposited in M & T Bank Debtors In Possession account of the Debtors.

## 1.5 Debtors' Liabilities

The table below discloses Debtors' liabilities by aggregating the total amount of allowed timely filed claims in each class under the Original Plan.

| Class # | Description of Liability by Class | Total Amount of Claims in the Class |
|---|---|---|
| 1 | Administrative Expense Claims | Counsel fees of $6,158.20 through May 11, 2023 plus fees incurred by Subchapter V Trustee through May 10, 2023 in the amount of $1,260.00. |
| 2 | Secured Claim of PHH Mortgage | $88,825.43 (per claim) |
| 3 | Priority Tax Claim of the IRS | $200.00 |
| 4 | General Unsecured Claims | $47,010.74 |
| 5 | Equity Interests | $0.00 |
|   | TOTAL | $143,454.37 |

## 1.6 Current and Historical Financial Conditions

A list of debtors' current income and expenses/financial projection and debtors ability to fund its obligation under the Plan (attached hereto as Schedule 3.1).

Information concerning the Debtors' post-petition financial performance is found in the monthly operating reports filed of public record by the Debtors with the Bankruptcy Court.

## 1.7 Events Leading to the Filing of the Bankruptcy Case

On the Petition Date, the Debtors filed a voluntary petition for relief under the Bankruptcy Code. The Chapter 11, Subchapter V case is pending in the United States Bankruptcy Court for the Middle District of Pennsylvania.

The bankruptcy was precipitated by the adverse impacts of the COVID-19 worldwide pandemic on Milesburg Hotel owned by Milesburg Hospitality, LLC. Throughout the pandemic, the hotel experienced a dramatic decline in occupancy due to diminished travel to Penn State University and diminished business travel within the United States of America. Hotel revenues decreased substantially during the course of the pandemic to the point where the hotel was no longer sustainable.

## 1.8 Significant Events During the Bankruptcy Case, which may Include:

### 1.8.1 Any asset sales outside the ordinary course of business, debtor-in-possession financing, or cash collateral orders:

No sale of the Debtors' assets outside of the ordinary course of business is anticipated in this case. To date, Debtors did not receive debtor-in-possession financing.

### 1.8.2 The identity of professionals approved by the Bankruptcy Court:

The employment of Imblum Law Offices, P.C. as Debtors' counsel was approved by this Court on April 3, 2023 [Doc. No. 25].

### 1.8.3 Any adversary proceedings that have been filed or other significant litigation that has occurred (including contested claim disallowance proceedings), and any other significant legal or administrative proceedings that are pending or have been pending during the case in the forum other than the Bankruptcy Court:

No adversary proceeding has been filed in this case to date. The Debtors do not anticipate the commencement of an adversary proceedings at this time.

As of the Petition Date, a foreclosure action was pending against Milesburg Hospitality, LLC. The Milesburg Hotel was sold at Sheriff's sale the day after the filing of the petition.

### 1.8.4 Any steps taken to improve operations and profitability of the Debtors:

Debtor, Srinath Dharmapadam, was employed full time by Srivigna Management, Inc. a/k/a Lakshmi Kuber, Inc. prior to the filing of the bankruptcy. Srinath Dharmapadam entered into a contract with Sirnaik, LLC in March, 2023 to do independent contracting work for a gross amount of $10,000.00 per month. Debtors believe and hereby aver that said income is sufficient for them to pay their normal monthly bills and to make the payments pursuant to this Plan.

### 1.8.5 Other events as appropriate:

None.

## 1.9 Projected Avoidance Actions

The Debtors do not intend to pursue preference, fraudulent conveyance, or other Avoidance Actions.

# ARTICLE 2

# THE PLAN

## 2.1 Treatment of Unclassified Claims

### 2.1.1 Administrative Claims

Each Allowed Administrative Claim shall be paid as follows: (a) in full on the Effective Date, or (b) in such amounts and on such other terms as may be agreed on between the holder of such Allowed Administrative Claim and the Debtors, or (c) as ordered by the Court.

The following chart lists the Debtors estimated Administrative Claims, and their proposed treatment under the Plan:

| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Professional fees, as approved by the Bankruptcy Court | TBD | Imblum Law Offices, P.C. will be paid to the extend that the retainer is sufficient to pay said fees in full. To the extent that the present retainer is insufficient to pay said fees in full, said fees will be paid at a rate of $1,000.00 per month, until all fees are paid in full, subject to bankruptcy court approval. |
| Clerk's Office fees | None | N/A |
| Trustee | $1,260.00 through May 10, 2023 | To be paid from funds held in escrow with Imblum Law Offices, P.C. To the extent that the present escrow is insufficient to pay said fees in full, said fees will be paid at $500.00 per month, until paid in full, subject to bankruptcy court approval. |

### 2.1.2 Priority Tax Claims

Priority Tax Claims: IRS in the amount of $200.00 for the tax year 2022.

## 2.2 Classifications and Treatment of Claims and Equity Interests

### 2.2.1 Secured Claims

| Class # | Description | Disputed? (Y/N) | Impaired / Unimpaired | Treatment |
|---|---|---|---|---|
| | PHH Mortgage, LLC<br><br>Collateral: Secured by the residential real estate at 19010 Maple Valley Circle, Hagerstown, MD 21742<br><br>Allowed Secured Amount: $88,825.43<br>  Principal: $84,406.25<br>  Interest: $2,338.61<br>  Escrow Deficiency: $2,080.57<br>  Total Arrears: $9,891.57 | N | Unimpaired | Payment of arrears in equal monthly installments over a period of five (5) years beginning one (1) month after confirmation of the Plan. Regular monthly payments to continue to be paid each and every month in accordance with the loan documents. |

### 2.2.2 Priority Unsecured Claims

Certain priority Claims that are referred to in §§507(a)(1), (4), (5), (6) and (7) of the Code are required to be placed in classes. The Code requires that each holder of such a Claim receive cash on the Effective Date of the Original Plan equal to the allowed amount of such Claim. However, a class of holders of such Claims may vote to accept different treatment. There is one (1) priority unsecured Claim. That being of the IRS in the amount of $200.00. The IRS is to be paid $200.00 on the effective date of the Original Plan.

### 2.2.3 General Unsecured Claims

General unsecured Claims are not secured by property of the estate and are not entitled to priority under §507(a) of the Code. A list of holders of unsecured claims who have either been scheduled by the Debtors as non-contingent, undisputed, or liquidated or who filed a Proof of Claim is set forth below.

An Order setting a bar date was entered on March 27, 2023. That Order established a bar date of May 1, 2023. In accordance with paragraph 5 of said Order, all holders of claims that fail to comply with the Order or with the provisions of Federal Rule of Bankruptcy Court 3003(c), as to the filing of or allowance of claims shall not be treated as a creditor with respect to such claim for purposes of voting on any Plan of Reorganization or receiving distribution from Debtors' estate. Set forth below are the unsecured nonpriority creditors which timely filed a Proof of Claim in this matter:

| Class # | Description | Impaired / Unimpaired | Treatment | Entitled to Vote |
|---|---|---|---|---|
| | Coploff, Ryan & Houser Amount of claim: $2,354.00 | Unimpaired | Will be paid 100% of the allowed general unsecured claim over 5 years | Yes |
| | JPMorgan Chase Bank, N.A. Amount of claim: $37,929.74 | Unimpaired | Will be paid 100% of the allowed general unsecured claim over 5 years | Yes |
| | Navitas Credit Corp. Amount of claim: $3,222.83 | Unimpaired | Will be paid 100% of the allowed general unsecured claim over 5 years | Yes |
| | Navitas Credit Corp. Amount of claim: $3,504.17 | Unimpaired | Will be paid 100% of the allowed general unsecured claim over 5 years | Yes |

**2.2.4  Equity Interest Holders**

The following lists the classes of Equity Interest and their proposed treatment under the Amended Plan:

Not applicable.

**2.3  Claims Objections**

The Debtors may object to the amount or validity of any claim within forty-five (45) days following entry of the Post-Confirmation Order (unless otherwise modified or extended by Court Order) by filing an objection with the Bankruptcy Court and serving a copy of the objection on the holder of the Claim. The Claim objected to will be treated as a Disputed Claim under the Plan. No payment will be made to a holder or a Disputed Claim unless and until it becomes an Allowed Claim. To the extent the Disputed Claim becomes an Allowed Claim, the Debtor will pay the Allowed Claim in accordance with the Plan.

**2.4  Treatment of Executory Contracts and Unexpired Leases**

Executory Contracts are contracts where significant performances of the contract remains for both the Debtors and another party to the contract. The defined term "Executory Contract" as used in this Plan includes unexpired leases.

The Executory Contracts to be assumed by the Debtors and performed by the Debtors after confirmation, as set forth below, provides the name of the counter party to the Executory Contract, a brief description of the contract, and the proposed cure amount.

None

All of the Executory Contracts will be deemed rejected upon entry of the confirmation order.

**2.5  Means for Implementation of the Plan and Plan Funding**

**2.5.1  Describe how the Plan will be implemented, including how the Plan will be funded.**

The income generated by Srinath Dharmapadam, as an independent contractor, will serve as the funding source of the holders of Administrative Claims in Class 1, allowed Secured Claim of PHH Mortgage, LLC (Class 2), holders of allowed Secured Tax Claims (Class 3) and holders of allowed General Unsecured Unsecured Claims (Class 4).

**2.5.2  If the Plan proposes a sale of the Debtors' assets, describe how the sale will proceed, including anticipated marketing efforts and proposed bidding procedures.**

The Plan does not propose a sale of the Debtors' assets.

**2.5.3  Describe any post-petition or exit financing the Debtors have or will obtain to fund the Plan.**

The Original Plan does not propose any post-petition of exit financing.

**2.5.4  Describe additional provisions, if any, for implementing the Plan, including provisions necessary to comply with §1191(c)(3)(B).**

If Debtors are unable to pay the creditors from disposable income, non-exempt assets will be liquidated to generate funds to pay creditors.

**2.6  Payments**

The Debtors shall make Plan payments unless the Plan is confirmed under §1191(a), whereupon payments to Creditors provided in the Plan will be made by the Trustee pursuant to §1194(a) (to the extent of any payments and funds received by the Trustee prior to confirmation). Once the Trustee's service is terminated under §1183(c), the Debtors shall make Plan payments except as otherwise provided in the Plan in the order confirming the Plan.

If the Plan is confirmed under §1191(b), except as otherwise provided in the Plan or in the order confirming the Plan, the Trustee shall make all Plan payments to creditors under the Plan.

Payment made pursuant to the Plan that are unclaimed after six (6) months shall be treated as unclaimed funds and shall include checks and funds represented by the checks which have been returned as undeliverable without a proper forwarding address. Provided that the Plan distribution was sent to the claimant's last known address on the claims register, unclaimed funds shall constitute an abandonment of the claim and become the property of the Debtors.

### 2.7 Termination of Trustee Services

If the Plan is confirmed under §1191(a), the service of the Trustee shall terminate when the Original Plan has been substantially consummated (within the meaning of, and except as otherwise provided in §1183(c)(1)). If the payments contemplated by the Original Plan are made, the Debtors believe substantial consummation of the Original Plan will occur on the Effective Date. Not later than 14 days after substantial consummation, the Debtors will file and serve, in accordance with §1183(c)(2), a notice that the Original Plan is substantially consummated.

### 2.8 Post-Confirmation Management

Not applicable.

### 2.9 Tax Consequences of the Plan

The Debtors make no representation regarding the tax consequences of the Original Plan to any Creditor or Equity Interest Holder. Creditors and Equity Interest Holders, concerned with how the Plan may affect their tax liability should consult with their own accountants, attorneys and/or advisors.

## ARTICLE 3
## FEASIBILITY OF ORIGINAL PLAN

### 3.1 Ability to Initially Fund Plan

The Debtors' financial projections demonstrate sufficient cash on hand to satisfy obligations due on the Effective Date of the Original Plan, including payment of the Allowed Administrative Claims, U.S. Trustee Fees, and cure amounts, in accordance with the Bankruptcy Code or as otherwise agreed.

### 3.2 Ability to Make Future Original Plan Payments and Operate Without Further Reorganization

Pursuant to §1190(2) of the Bankruptcy Code, the Debtor shall submit all or such portion of future income as is necessary for the confirmation of the Original Plan and to satisfy the Debtors' obligations under Article 2 of the Original Plan.

Attached hereto as Schedule 3.2 are the Debtors' financial projections demonstrating the Debtors' ability to make all future Original Plan payments in the aggregate amount of $948.37 per month during the Original Plan term (the "Original Plan Funding"). To the extent necessary, Original Plan funding will be in an amount equal to the Debtors' disposable income as defined in §1191(d) of the Bankruptcy Code.

The final Original Plan payment is expected to be paid on May 2028.

You Should Consult with Your Accountant or other Financial Advisor If You Have Any Questions Pertaining to the Debtors' Financial Projections.

## ARTICLE 4
## LIQUIDATION ANALYSIS

### 4.1 Comparison of Original Plan with Chapter 7 Liquidation

In order to confirm the Original Plan, the Bankruptcy Court must find that holders of Allowed Claims and Equity Interests who do not accept the Original Plan will receive at least as much under the Original Plan as such holders would receive in a Chapter 7 liquidation of the Debtors' assets (the "Liquidation Test").

If the Debtors' proposed Original Plan is not confirmed, the potential alternatives would include dismissal of the case or conversion of case to Chapter 7. If this case is converted to Chapter 7, a Chapter 7 Trustee will be appointed to liquidate all the Debtors' non-exempt assets. In this event, all Secured Claims (to the value of the collateral), all Priority Unsecured Claims and all Administrative Claim (both Chapter 7 and Chapter 11) must be paid in full before any distribution is made to holders of General Unsecured Claims.

### 4.2 Liquidation Analysis

| | |
|---|---|
| Value of Estate's Interests in Assets | $606,760.79 |
| Minus | |
| • Estimated Chapter 7 expenses (calc. at 8%of the Total Value All Assets): | -$ 50,000.00 |
| • Amount of Administrative Claims | -$ 6,000.00 |
| Total Available for General Unsecured Claims in a Chapter 7 Liquidation | $550,760.79 |

Amount of General Unsecured Claims in a Chapter 7 Liquidation

| | |
|---|---|
| Total | $ 47,010.74 |
| Unsecured Portion of General Unsecured Claims | $ 0.00 |
| Total amount of Unsecured Claims | $ 47,010.74 |
| Percentage Distribution | 100% |

The Original Plan passes the Liquidation Test because the percentage distribution to holders of General Unsecured Claims under the Original Plan is projected to be 100%, whereas such Creditors are projected to receive 100% in a hypothetical chapter 7 liquidation.

## ARTICLE 5
## DISCHARGE

**5.1  Discharge**

If the Original Plan is consensual and confirmed under §1191(a), on the Confirmation Date of this Original Plan, the Debtors will be discharged from any debt that arose before confirmation of this Original Plan, subject to the occurrence of the Effective Date, to the extent specified in §1141(d) of the Bankruptcy Code.

Alternatively, if the Original Plan is confirmed under §1191(b), over the objection of any creditors, as soon as practicable after completion by the Debtors of all payments due under the Original Plan, unless the Court approves a written waiver of discharge executed by the Debtors after the order for relief under this chapter, the court shall grant the Debtors a discharge of all debts provided in §1141(d)(1)(A) of this title, and all other debts allowed under §503 of this title and provided for in this Original Plan, except any debt –

(1)  on which the last payment is due after the first 3 years of the Plan, or such other time not to exceed 5 years fixed by the court; or

(2) if applicable, of the kind specified in §523(a) of this title.

## ARTICLE 6
## GENERAL PROVISIONS

**6.1  Title to Assets**

If the Original Plan is confirmed under §1191(a), except as otherwise provided in the Original Plan or in the Confirmation Order, (i) confirmation of the Original Plan vests all of the property of the estate in the Debtors, and (ii) after Original Plan Confirmation, the property dealt with by the Original Plan is free and clear of all Claims and Equity Interests, except the security interest in Debtors' real estate held by PHH Morgage.

**6.2  Binding Effect**

If the Original Plan is confirmed, the provisions of the Original Plan will bind the Debtors and all Creditors, whether or not they accept the Original Plan. The rights and obligations of any entity names or referred to in this Original Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

**6.3  Severability**

If any provision in this Original Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Original Plan.

**6.4  Retention of Jurisdiction by the Bankruptcy Court**

The Bankruptcy Court shall retain jurisdiction of this case with regard to the following matters: (i) to make such orders as are necessary or appropriate to implement the provisions of this Original Plan and to resolve any disputes arising from implementation of the Original Plan ; (ii) to rule on any modification of the Original Plan proposed under §1193; (iii) to hear and allow all applications for compensation to professionals and other Administrative Expenses; (iv) to resolve all issues regarding Claims objections, and issues arising from the assumption/rejection of executory contracts or unexpired leases; (v) to adjudicate any cause of action which may exist in favor of the Debtors, including preference and fraudulent transfer causes of action; and (vi) to direct the Debtors and any other necessary party to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property dealt with by the confirmed Original Plan, and to perform any other act, including the satisfaction of any lien, that is necessary for the consummation of the Original Plan.

**6.5  Captions**

The headings contained in this Original Plan are for convenience of reference only and do not affect the meaning or interpretation of this Original Plan.

**6.6  Modification of Original Plan**

The Debtors may modify the Original Plan at any time before confirmation of the Original Plan pursuant to §1193(a). However, the Bankruptcy Court may require additional items including re-voting on the Original Plan.

If the Original Plan is confirmed under §1191(a), the Debtors may also seek to modify the Original Plan at any time after Confirmation only if (1) the Original Plan has not been substantially consummated, *and* (2) the Bankruptcy Court authorizes the proposed modification after notice and a hearing.

If the Original Plan is confirmed under §1191(b), the Debtors may seek to modify the Original Plan any time only if (1) it is within three (3) years of the Confirmation Date, or such longer time not to exceed five (5) years, as fixed by the court, *and* (2) the Bankruptcy Court authorizes the proposed modifications after notice and a hearing.

**6.7  Final Decree**

Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Debtors, or such other party as the Bankruptcy Court shall designate in the Original Plan Confirmation Order, shall file a motion with the Bankruptcy Court to obtain a final decree to close the case. Alternatively, the Bankruptcy Court may enter such a final decree on its own motion.

# ARTICLE 7

## DEFINITIONS

The definitions and rules of construction set forth in §§101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Bankruptcy Code are used in this Original Plan. Where applicable, the definitions that follow that are found in the Bankruptcy Code are for convenience of reference only and are superceded by the definitions found in the Bankruptcy Code.

7.1 **Administrative Claim:** Any cost or expense of administration of the Chapter 11 Case entitled to priority under §507(a)(2) of the Bankruptcy Code and allowed under §503(b) of the Bankruptcy Code.

7.2 **Allowed:** With respect to a Claim or Equity Interest means any claim against or equity interest in the Debtor pursuant to §502 of the Bankruptcy Code to the extent that: (a) the Debtors' scheduled such Claim as an undisputed, non-contingent and liquidated Claim, or (b) a Proof of Claim was either timely filed or was filed late with leave of the Bankruptcy Court, and, as to which either (i) a party in interest, including the Debtors, does not timely file an objection, or (ii) is allowed by the Final Order.

7.3 **Original Plan:** This Original Plan, either in its present form or as it may be altered, amended, or modified from time to time.

7.4 **Avoidance Action:** All causes of actions, suits, causes in action, and claims of the Debtors and/or the Debtors' estate against any entity or person seeking to avoid a transfer of property, recovery of property and subordination or other actions or remedies that may be brought on behalf of the Debtors or the Debtors' estate under the Bankruptcy Code or applicable non-bankruptcy law, including actions or remedies under §§510, 542, 543, 544, 545, 547, 548, 549, 550, 551, 552 and 553 of the Bankruptcy Code.

7.5 **Bankruptcy Code**

The Bankruptcy Reform Act of 1978, as amended and codified at title 11 of the United States Code, 11 U.S.C. 21101, *et seq.*

7.6 **Bankruptcy Court:** The United States Bankruptcy Court of the Middle District of Pennsylvania.

7.7 **Bankruptcy Rules:** The Federal Rules of Bankruptcy Procedure.

7.8 **Cash:** Cash, cash equivalents and other readily marketable securities or instruments issued by a person other than the Debtors, including, without limitation, readily marketable direct obligations of the United States of America, certificate of deposit issued by banks and commercial paper of any entity, including interest accrued or earned thereon.

7.9 **Bankruptcy Case:** This case under Chapter 11, Subchapter V of the Bankruptcy Code in which Srinath Dharmapadam and Purvi Srinath Dharmapadam are the Debtors.

7.10 **Claim:** Any claim as defined in §101(5) of the Bankruptcy Code.

7.11 **Class:** A category of holders of claims or interests which are substantially similar to the other claims or interests in such class.

7.12 **Confirmation:** The entry by the Bankruptcy Court of an order confirming this Original Plan.

7.13 **Confirmation Date:** The Date upon which the Bankruptcy Court shall enter the Confirmation Order; provided however, that if on motion the Confirmation Order or consummation of the Original Plan is stayed pending appeal, then the Confirmation Date shall be the entry of the Final Order vacating such stay or the date on which such stay expires and is no longer in effect.

7.14 **Confirmation Order:** An order of the Bankruptcy Court or any amendment thereto confirming the Original Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

7.15 **Creditor:** Any person who has a Claim against the Debtors that arose on or before the Petition Date.

7.16 **Debtors:** Srinath Dharmapadam and Purvi Srinath Dharmapadam, the Debtors in this Chapter 11 Case.

7.17 **Disputed Claim:** Any claim against the Debtors pursuant to §502 of the Bankruptcy Code that the Debtors or any party in interest has in any way objected to, challenged or otherwise disputed.

7.18 **Effective Date:** The date on which the Original Plan shall become effective.

7.19 **Equity Interest:** An ownership interest in the Debtors.

7.20 **Executory Contracts:** All unexpired leases and executory contracts as described in §365 of the Bankruptcy Code.

7.21 **Final Order:** An order or judgment of the Bankruptcy Court that has not been reversed, stayed, modified or amended and as to which (a) any appeal that has been taken has been finally determined or dismissed, or (b) the time for appeal has expired and no notice of appeal has been filed.

7.22 **General Unsecured Claim:** Any Claim in the Bankruptcy which is not a Secured Claim, Priority Tax Claim, or Priority Unsecured Claim.

7.23 **Insider:** The relationship between the Debtors and other persons defined at §101(31) of the Bankruptcy Code.

7.24 **Petition Date:** March 8, 2023, the date on which the Debtors' Chapter 11 petition for relief was filed.

**7.25 Post-Confirmation Order:** The Post-Confirmation Order and Notice of Deadline entered by the Bankruptcy Court following Original Plan confirmation providing, among other things, the deadlines by which post-Confirmation actions must be taken.

**7.26 Priority Unsecured Claim:** Any Claim entitled to priority in payment under §507(a)(1).

**7.27 Priority Tax Claim:** Any Claim entitled to priority in payment under §507(a)(8) of the Bankruptcy Code.

**7.28 Schedules:** Schedules and Statement of Financial Affairs filed by the Debtors with the Bankruptcy Court listing liabilities and assets.

**7.29 Secured Claim:** A Claim that is secured by property of the Debtors' bankruptcy estate (or that are subject to setoff) to the extent allowed as secured claims under §506 of the Bankruptcy Code.

**7.30 Trustee:** Lisa Ann Rynard, the Trustee appointed pursuant to 11 U.S.C. §1183(a) and whose duties are prescribed under §1183(b) of the Bankruptcy Code, the Original Plan, and/or the order confirming the Original Plan.

**7.31 Value of the Estate's Interest in Assets:** As to any of the Debtors, the value of the estate's interest in an asset is calculated by subtracting from the Liquidation Value listed for the asset in Original Plan Section 1.4: (a) the amount of the Allowed Secured Claims having a security interest in the asset; and (b) the amount of any claimed exemption applicable to the asset. The Value of the Estate's Interest is calculated for purposes of the Liquidation Test in Article 4 of this Original Plan, only, and for no other purpose.

Respectfully submitted,

IMBLUM LAW OFFICES, P.C.

Dated: 6/5/23

*/s/ Gary J. Imblum*
Gary J. Imblum, Esquire
PA ID No. 42606
4615 Derry Street
Harrisburg, PA 17111
(717) 238-5250
Fax: (717) 558-8990
Gary.Imblum@Imblumlaw.com
Counsel for Debtors

## Schedule 3.1

**4.2 Income Analysis (monthly)**

| | |
|---|---:|
| Srinath Dharmapadam's current contract income | $5,000.00 |
| Contract income from Estya Group, LLC | $5,000.00 |
| **Total current income:** | **$10,000.00** |

**Expenses (monthly)**

| | |
|---|---:|
| Mortgage | $974.48 |
| Home maintenance, repair and upkeep | $300.00 |
| Electric, heat, natural gas | $80.00 |
| Water, sewer, garbage collection | $75.00 |
| Telephone, cell phone, internet, satellite, and cable services | $225.00 |
| Food and housekeeping supplies | $850.00 |
| Clothing, laundry, and dry cleaning | $90.00 |
| Personal care products/services | $150.00 |
| Medical and dental expenses | $250.00 |
| Transportation | $300.00 |
| Entertainment, clubs, recreations, newspapers magazines, and books | $200.00 |
| Life insurance | $103.69 |
| Health insurance | $125.00 |
| Vehicle insurance | $240.00 |
| Self employment taxes (estimated) | $500.00 |
| Estimated Federal, State and Local taxes | $500.00 |
| **Total monthly expenses:** | **$4,963.17** |

**Plan payments**

| | |
|---|---:|
| Imblum Law Offices, P.C. | $1,000.00 |
| Subchapter V Trustee | $500.00 |
| PHH Mortgage Corporation | $164.86 |
| Coploff, Ryan & Houser | $39.23 |
| JPMorgan Chase Bank, N.A. | $632.16 |
| Navitas Credit Corp. | $53.71 |
| Navitas Credit Corp. | $58.40 |
| **Total payments** | **$2,448.36** |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | CASE NO. 4:23-bk-00487-MJC |
| SRINATH DHARMAPADAM | : | |
| PURVI SRINATH DHARMAPADAM | : | CHAPTER 11, Subchapter V |
| aka PURVI P. TIJORIWALA | : | |
| Debtors | : | |

## BALLOT FOR ACCEPTING OR REJECTING PLAN OF REORGANIZATION

Srinath Dharmapadam and Purvi Srinath Dharmapadam has filed a Subchapter V, Chapter 11 plan of reorganization dated June 5, 2023 (the Plan) as the Debtors in this case.

**You should review the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote. Your claim has been placed into one or more of the following classes:**

    Class 1.        **Administrative Expense Claims**
    Class 2.        **Secured Claim of PHH Mortgage**
    Class 3.        **Priority Tax Claim of the IRS**
    Class 4.        **General Unsecured Claims**

**If your ballot is not received by Gary J. Imblum, Esquire, Imblum Law Offices, P.C., 4615 Derry Street, Harrisburg, PA 17111, (717) 238-5250 on or before <u>July 6, 2023</u>, and such deadline is not extended, your vote will not count as an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

[Remainder of page intentionally left blank]

Acceptance or Rejection of the Plan

The undersigned, the holder of a Class [ ] claim against the Debtors in the unpaid amount of

[$_____]:

Check one box only:

☐  **Accepts the Plan**

☐  **Rejects the Plan**

Dated: _____

Print or type name:      _____

Signature:                        _____

Address:                          _____

                               _____

                               _____

*************************************************************************

Return this ballot to:

        Gary J. Imblum, Esquire
        Imblum Law Offices, P.C.
        4615 Derry Street
        Harrisburg, PA 17111

**BALLOT MUST BE RECEIVED AT THE ABOVE ADDRESS ON OR BEFORE JULY 6, 2023**

```
USPS FIRST CLASS MAILING RECIPIENTS:
Parties whose names are struck through were not served via First Class USPS Mail Service.
CASE INFO                                 EXCLUDE
  LABEL MATRIX FOR LOCAL NOTICING         (U)PHH MORTGAGE CORPORATION         UNITED STATES TRUSTEE
NCRS ADDRESS DOWNLOAD                                                          228 WALNUT STREET  SUITE 1190
CASE 423-BK-00487 MJC                                                          HARRISBURG  PA 17101-1722
MIDDLE DISTRICT OF PENNSYLVANIA
WED JUN 7 9-1-33 PST 2023


EXCLUDE
US BANKRUPTCY COURT                       BALAGAN ARUMUGASWAMY                 (P)JPMORGAN CHASE BANK  N A
197 S MAIN ST  WILKESBARRE  PA 18701 OR   12100 FRANKLIN STREET                BANKRUPTCY MAIL INTAKE TEAM
1501 N 6TH STREET  HARRISBURG  PA 17102   BELTSVILLE  MD 20705-1174            700 KANSAS LANE FLOOR 01
                                                                               MONROE LA 71203-4774




(P)COMPTROLLER OF MARYLAND                COPLOFF  RYAN  HOUSER                ESTYA GROUP  LLC
BANKRUPTCY UNIT                           136 EAST WATER STREET                19010 MAPLE VALLEY CIRCLE
301 W PRESTON ST ROOM 409                 PO BOX 389                           HAGERSTOWN  MD 21742-2210
BALTIMORE MD 21201-2383                   LOCK HAVEN  PA 17745-0389




FINNEGANS SPORTS BAR  INC                 GREAT AMERICAN CAPITAL GROUP         INTERNAL REVENUE SERVICE
19010 MAPLE VALLEY CIRCLE                 14209 CAROL WAY  SUITE 101           PO BOX 7346
HAGERSTOWN  MD 21742-2210                 NEWARK  TX 76071-8932                PHILADELPHIA  PA 19101-7346




JPMORGAN CHASE BANK  NA                   JOHN CALEB BEE  ESQUIRE              JUSTIN HOUSER  ESQUIRE
SBMT CHASE BANK USA  NA                   811 UNIVERSITY DRIVE                 COPLOFF  RYAN  HOUSER
CO NATIONAL BANKRUPTCY SERVICES  LLC      STATE COLLEGE  PA 16801-6624         136 EAST WATER STREET - PO BOX 389
PO BOX 9013                                                                    LOCK HAVEN  PA 17745-0389
ADDISON  TEXAS 75001-9013




MILESBURG HOSPITALITY  LLC                MILLER  KISTLER  CAMPBELL            (P)NAVITAS CREDIT CORP
19010 MAPLE VALLEY CIRCLE                 720 SOUTH ATHERTON STREET            ATTN JOYCE MCKULKA
HAGERSTOWN  MD 21742-2210                 SUITE 201                            201 EXECUTIVE CENTER DR SUITE 100
                                          STATE COLLEGE  PA 16801-4669         COLUMBIA SC 29210-8410




PA DEPT OF REVENUE                        PHH MORTGAGE                         PHH MORTGAGE CORP
ATTN  BANKRUPTCY DIVISION                 ATTN BANKRUPTCY                      CO BRIAN C NICHOLAS ESQ
DEPT 280946                               PO BOX 5452                          BNY MELLON INDEPENDENCE CENTER
HARRISBURG  PA 17128-0946                 MOUNT LAUREL  NJ 08054-5452          701 MARKET ST STE 5000
                                                                               PHILADELPHIA  PA 19106-1541




PHH MORTGAGE CORPORATION                  PHH MORTGAGE CORPORATION             SMALL BUSINESS ADMINISTRATION
ATTN BANKRUPTCY DEPARTMENT                CO JESSE AP BAKER                    UNITED STATES GOVERNMENT
PO BOX 24605                              ALDRIDGE PITE  LLP                   PO BOX 3918
WEST PALM BEACH  FL 33416-4605            8880 RIO SAN DIEGO DRIVE  SUITE 725  PORTLAND  OR 97208-3918
                                          SAN DIEGO  CA 92108-1619




SREEDHAR NOOLI                            SRIVIGNA MANAGEMENT  INC             SUNIL CHANCHALA
20239 KENTUCKY OAKS COURT                 19010 MAPLE VALLEY CIRCLE            11 DANIELLE LANE
ASHBURN  VA 20147-3167                    HAGERSTOWN MD 21742-2210             MONROE TOWNSHIP  NJ 08831-5331
```

USPS FIRST CLASS MAILING RECIPIENTS:
Parties whose names are struck through were not served via First Class USPS Mail Service.

| VERIZON<br>VERIZON WIRELESS BK ADMIN<br>500 TECHNOLOGY DRIVE SUITE 550<br>WELDON SPRINGS MO 63304-2225 | WEST TOWN BANK TRUST<br>7820 WEST 26TH STREET<br>RIVERSIDE IL 60546-1599 | GARY J IMBLUM<br>IMBLUM LAW OFFICES PC<br>4615 DERRY STREET<br>HARRISBURG PA 17111-2660 |
|---|---|---|
| LISA ANN RYNARD<br>LAW OFFICE OF LISA A RYNARD<br>TRUSTEE<br>240 BROAD STREET<br>MONTOURSVILLE PA 17754-2282 | DEBTOR<br>PURVI SRINATH DHARMAPADAM<br>19010 MAPLE VALLEY CIRCLE<br>HAGERSTOWN MD 21742-2210 | DEBTOR<br>SRINATH DHARMAPADAM<br>19010 MAPLE VALLEY CIRCLE<br>HAGERSTOWN MD 21742-2210 |