UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| SRINATH DHARMAPADAM and ) | Bank. No. 23-00487 |
| PURVI SRINATH DHARMAPADAM ) | Chapter 11 subchapter V |
| Debtors. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | Related to Doc. No. 40 |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | Hearing Date: 07/20/2023 @ 10:00 AM |
| ) | |
| SRINATH DHARMAPADAM and ) | |
| PURVI SRINATH DHARMAPADAM ) | |
| Respondents. ) | |

## UNITED STATES' OBJECTION TO SMALL BUSINESS DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION DATED JUNE 5, 2023

The United States of America, on behalf of the United States Small Business Administration ("SBA"), by its attorneys, Gerard M. Karam, United States Attorney for the Middle District of Pennsylvania, and Suzanne Conaboy Scanlon, Assistant United States Attorney, objects to the Debtor's Plan of Reorganization dated June 5, 2023 stating as follows:

1. The SBA has four claims against the Debtor in the total amount of $744,894.78. The SBA's claims have been filed at Claim

numbers 7, 8, 9, and 10 and were originally filed on June 21, 2023. These claims and the secured status will be detailed below.

2. Claim number 7 in the amount of $536,030.82 is based on the SBA Economic Impact Disaster Loan (EIDL) disbursed to Srivigna Management, Inc., which entity Debtors lists in the June 5, 2023 Chapter 11 Plan as having an aka of Lakshmi Kuber, Inc. Debtors executed a personal guarantee for this loan. Srivigna Management, Inc. executed a Security Agreement for this loan and the SBA holds a blanket Pennsylvania UCC lien on the assets of Srivigna Management, Inc. SBA filed the proof of claim as secured because it does appear that Debtors have included assets from this business in the listing of the Debtors' assets. SBA should be treated as secured up to the value of the assets of Srivigna Management, Inc. aka Lakshmi Kuber, Inc. that are included in the bankruptcy estate. SBA should be treated as unsecured for any remaining amount.

3. Claim number 8 in the amount of $136,562.00 is based on the SBA Economic Impact Disaster Loan (EIDL) disbursed to Milesburg Hospitality, LLC. Debtors did not execute a personal guarantee for this debt. Milesburg Hospitality, LLC executed a Security Agreement for this

loan and the SBA holds a blanket Pennsylvania UCC lien on the assets of Milesburg Hospitality, LLC. SBA filed the proof of claim as secured because it does appear that Debtors have included assets from this business in the listing of the Debtors' assets. SBA should be treated as secured up to the value of the assets of Milesburg Hospitality, LLC included in the bankruptcy. SBA should be treated as unsecured for any remaining amount.

4. Claim number 9 in the amount of $61,507.19 is based on the SBA Economic Impact Disaster Loan (EIDL) disbursed to Estya Group, LLC. Debtors did not execute a personal guarantee for this debt. Estya Group, LLC executed a Security Agreement for this loan and the SBA holds a blanket Maryland UCC lien on the assets of Milesburg Hospitality, LLC. SBA filed the proof of claim as secured because it does appear that Debtors have included assets from this business in the listing of the Debtors' assets. SBA should be treated as secured up to the value of the assets of Estya Group, LLC included in the bankruptcy. SBA should be treated as unsecured for any remaining amount.

5. Claim number 10 in the amount of $10,794.77 is based on the SBA Economic Impact Disaster Loan (EIDL) disbursed to Finnegans

Sports Bar, Inc. Debtors did not execute a personal guarantee for this debt. The EIDL to Finnegans Sports Bar, Inc. was unsecured. SBA should be treated as unsecured.

6. SBA objects to the plan as presently proposed because it fails to address SBA's claim. Specifically, the plan does not list SBA as a secured creditor or as an unsecured creditor.

7. The Debtor's plan fails to meet the requirements for confirmation under Section 1129 of the Code and is not fair and equitable in the following respects:

> a. The plan fails to provide that the SBA shall retain the lien securing its claim to the extent of the allowed amount of its claim, contrary to Section 1129(b)(2)(A)(i)(I);
>
> b. The plan fails to provide that the SBA will receive property or deferred cash payments totaling the allowed amount of its claim, of a value, as of the effective date of the plan, equal to the value of the SBA's interest in the Debtor's property, contrary to Sections 1129(a)(7)(B) and ll29 (b)(2)(A)(i)(II);
>
> c. The plan otherwise fails to provide for the realization by the SBA of the indubitable equivalent of its claim, contrary to Section 1129(b)(2)(A)(iii).

8. For the foregoing reasons, the United States objects to confirmation of the Debtor's Plan.

WHEREFORE, the United States respectfully requests that this Honorable Court deny confirmation of the Debtor's plan as it fails to provide for the SBA claim.

GERARD M. KARAM
United States Attorney

s/ Suzanne P. Conaboy
SUZANNE P. CONABOY
Assistant U.S. Attorney
PA I.D.: 314036
235 N. Washington Avenue
Scranton, PA 18503
(570) 348-2800
Suzanne.Scanlon@usdoj.gov

Date: July 11, 2023