UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

SRINATH DHARMAPADAM
PURVI SRINATH DHARMAPADAM, AKA PURVI
P TIJORIWALA

CASE NO: 4:23-00487-MJC

**DECLARATION OF MAILING
CERTIFICATE OF SERVICE**

Chapter: 11

On 9/19/2023, I did cause a copy of the following documents, described below,

Order & Notice Fixing Dates, Amended Plan and Ballot

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice. com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 9/19/2023

/s/ Gary J. Imblum, Esquire
Gary J. Imblum, Esquire  42606
Attorney for Debtor
Imblum Law Offices, P.C.
4615 Derry St
Harrisburg, PA  17111
717 538 5250
carol.shay@imblumlaw.com

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

SRINATH DHARMAPADAM
PURVI SRINATH DHARMAPADAM, AKA PURVI
P TIJORIWALA

CASE NO: 4:23-00487-MJC

**CERTIFICATE OF SERVICE
DECLARATION OF MAILING**

Chapter: 11

On 9/19/2023, a copy of the following documents, described below,

Order & Notice Fixing Dates, Amended Plan and Ballot

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 9/19/2023

Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Gary J. Imblum, Esquire
Imblum Law Offices, P.C.
4615 Derry St
Harrisburg, PA 17111

**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **Srinath Dharmapadam,** | : | **Case No.  4:23-00487-MJC** |
| **Purvi Srinath Dharmapadam,** | : | |
| | : | |
| **Debtors.** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**ORDER AND NOTICE UNDER SUBCHAPTER V OF CHAPTER 11**
**FIXING DATES FOR: HEARING ON CONFIRMATION OF CHAPTER 11 PLAN;**
**FILING ACCEPTANCES OR REJECTIONS OF PLAN; AND**
**FILING OBJECTIONS TO CONFIRMATION OF CHAPTER 11 PLAN**

**AND NOW**, whereas the above-captioned debtors and debtors-in-possession ("Debtors") have elected to proceed with this case under Subchapter V of Chapter 11 of Title 11 of the United States Code, the Court having held a status conference on **May 2, 2023,** and Debtors' amended proposed plan of reorganization ("Plan of Reorganization or Plan") having been filed on **September 18, 2023**, Dkt. # 62,

**IT IS HEREBY ORDERED** that the following dates and deadlines will govern the procedure of this case:

1. <u>Service of Plan Documents</u>.  **Within three (3) days** after the entry of this Order, Debtors shall serve a copy of this Order, the Plan, and a ballot conforming to Official Form 314 (Class Ballot for Accepting or Rejecting Plan of Reorganization) on all creditors, equity holders, parties in interest, the Subchapter V Trustee, and the United States Trustee, and file a certificate of service with the Court **no later than seven (7) days** after entry of this Order.

2. <u>Submission of Class Ballots</u>.  **Tuesday, October 17, 2023** is fixed as the last

1

day for filing written acceptances or rejections of the Plan. A written summary of ballots (Local Form 3018-1) must be filed by Debtor with the Court and transmitted to the United States Trustee **no later than Tuesday, October 24, 2023**.

3. <u>Objections to Plan</u>. **Tuesday, October 24, 2023** is the deadline for filing and serving written objections to confirmation of Debtor's Plan of Reorganization pursuant to Federal Rules of Bankruptcy Procedure 2002(b) and 3020(b)(1). Any party in interest objecting to Debtor's Plan of Reorganization, including the proposed treatment of any claim or interest under the Plan, must file and serve a timely objection in accordance with this Order and the applicable rules.

4. <u>Deadline to Make §1111(b)(2) Election</u>. A secured creditor that wishes to make an election under 11 U.S.C. §1111(b)(2) must do so no later than **Tuesday, October 24, 2023.**

5. <u>Confirmation Hearing</u>. The Court shall hold a hearing on confirmation of Debtors' Plan of Reorganization on **Tuesday, November 7, 2023 at 10:00 a.m.** in the United States Bankruptcy Court, Max Rosenn U.S. Courthouse, Courtroom 2, 197 South Main Street, Wilkes-Barre, Pennsylvania, 18701.

By the Court,

Mark J. Conway, Bankruptcy Judge
Dated: September 19, 2023

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : **CASE NO. 4:23-bk-00487-MJC** |
| **SRINATH DHARMAPADAM** | : |
| **PURVI SRINATH DHARMAPADAM** | : **CHAPTER 11, Subchapter V** |
| **aka PURVI P. TIJORIWALA** | : |
| **Debtors** | : |

### SMALL BUSINESS DEBTORS' FIRST AMENDED CHAPTER 11
### PLAN OF REORGANIZATION

This First Amended Plan of Reorganization (the "Plan") is the proposed Plan for restructuring the debt of Srinath Dharmapadam and Purvi Srinath Dharmapadam ("the Debtors").

### SUMMARY OF ORIGINAL PLAN AND DISTRIBUTION TO CREDITORS

This concise summary of the Plan describes with particularity the treatment of each class of Creditors and the source of funding for the Plan.

The Plan proposes to pay the Debtors' creditors from Debtors' cash flow and from the proceeds of refinancing of Debtors' residence. .

The Plan provides for the following classes of claims and interests for priority claims, secured claims, general unsecured claims and equity interests:

| Class # | Class Description | Impaired or Unimpaired | Plan Section |
|---|---|---|---|
| 1 | Administrative Expense Claims | Unimpaired | 2.1.1 |
| 2 | Priority Tax Claim of the IRS | Unimpaired | 2.1.2 |
| 3 | Secured Claims of PHH Mortgage | Unimpaired | 2.2.1 |
| 4 | Unsecured Claims secured by assets of related entities | Impaired | 2.2.2 |
| 5 | General Unsecured Claims | Impaired | 2.2.3 |

This Plan proposes to pay Administrative, Priority Tax Claims and Mortgage Arrears in full and Unsecured Claim secured by assets of related entities and General Unsecured Claims to the extent of non-exempt equity in Debtors' assets.

The specific treatment of the classes and interest are set forth in Article 2 of the Plan.

Only holders of Allowed Claims in a class identified as impaired may vote on whether to accept or reject the Plan. A class accepts the Plan when more than one-half (½) in number and at

least two-thirds (2/3) in dollar amount of the Allowed Claims that actually vote, vote in favor of the Original Plan. Also, a class of Equity interest holders accepts the Plan when at least two-thirds (2/3) in amount of the allowed Equity Interest holders that actually vote, vote in favor of the Plan. A class that is not impaired is deemed to accept the Plan.

## ARTICLE 1

## DISCLOSURES REGARDING THE DEBTORS AND THE BANKRUPTCY CASE

### 1.1   Nature of the Debtors' Business

Debtor, Srinath Dharmapadam, works as an independent contractor. Debtors also own an interest in the following entities:

Estya Group, LLC
Finnegan's Sports Bar, Inc.
Karta, Inc.
Kuber Hospitality, LLC
Lakshmi, Inc.
Lamar Hospitality, LLC
Milesburg Hospitality, LLC
MPT Construction & Plumbing Services, LLC
Ragu, Inc.
Raguram Investments, LLC
Srivigna Management, Inc., a/k/a Lakshmi Kuber, Inc.

### 1.2   History of Debtors' Business Operations and Pre-Petition Legal Structure and Ownership

Milesburg Hospitality, LLC:

Srinath Dharmapadam owns 55% of this entity. Purvi Srinath Dharmapadam owns 25% of this entity. Milesburg Hospitality, LLC owned a hotel in Milesburg, Pennsylvania. The business of the hotel suffered greatly as a result of the pandemic and consequently the hotel was closed in December, 2022. The hotel was purchased by the secured creditor at a foreclosure sale on the day after the filing of subject bankruptcy.

Finnegan's Sports Bar, Inc.:

Srinath Dharmapadam owns 55% of this entity. Purvi Srinath Dharmapadam owns 25% of this entity. This was a sports bar located at Milesburg Hotel. The liquor license of Finnegan's Sports Bar, Inc. lapsed as of January 6, 2023. The sports bar has not been in operation since the hotel was closed in December, 2022.

Srivigna Management, Inc. a/k/a Lakshmi Kuber, Inc.:

Srinath Dharmapadam owns 55% of this entity. Purvi Srinath Dharmapadam owns 25% of this entity.   This entity has not been in operating since the filing of subject bankruptcy.

Karta, Inc.:

Purvi Srinath Dharmapadam owns 10% of this entity. This entity stopped doing business in 2007 or 2008.

Kuber Hospitality, LLC:

Purvi Srinath Dharmapadam owns 10% of this entity. This entity owns a Hampton Inn & Suites in Lamar, Pennsylvania. Purvi Srinath Dharmapadam has not received any income from this entity since it began operation in March, 2007. Tax returns in some years have shown profit with no distribution.

Lakshmi, Inc.:

Purvi Srinath Dharmapadam owns 10% of this entity. This entity operates a Hampton Inn & Suites in Lamar, Pennsylvania. Purvi Srinath Dharmapadam has never received any income from the operation of this entity since it began operation in March 2007. Tax returns in some years have shown profit with no distribution.

Lamar Hospitality, LLC:

Purvi Srinath Dharmapadam owns 10% of this entity. This entity owns a Quality Inn in Milesburg, Pennsylvania. Purvi Srinath Dharmapadam has never received any income from the operation of this entity since it began operation in March 2007. The corporation reports profit every year with no distributions received.

Ragu, Inc.:

Purvi Srinath Dharmapadam owns 10% of this entity. This entity operates a Quality Inn in Lamar, Pennsylvania. Purvi Srinath Dharmapadam has never received any income from the operation of this entity since it began operation in March 2007. The corporation reports profit every year with no distributions received.

Raguram Investment, LLC:

Purvi Srinath Dharmapadam owns 5% of this entity. This entity previously owned a Holiday Inn in Pittsburgh, Pennsylvania. The corporation is still operating with yearly tax returns being filed with no income since it started operating in 2004.

MPT Construction & Plumbing Services, LLC:

Srinath Dharmapadam owns 50% of this entity. Purvi Srinath Dharmapadam owns 50% of this entity. This entity has not been in operation since the filing of the bankruptcy.

Estya Group, LLC:

Srinath Dharmapadam owns 50% of this entity. Purvi Srinath Dharmapadam owns 50% of this entity. Srinath Dharmapadam is receiving income of $60,000.00 per year from this entity as a result of the entity's contract with Sirnaik for performance of consulting services.

### 1.3    All Debtors' Assets

Debtors' assets, the equity in same, exemptions and non-exempt equity:

| Asset | Value | Liens | Equity | Exemption | Non-Exempt Equity |
|---|---|---|---|---|---|
| House | $365,000.00 | $88,070.00 | $276,930.00 | $27,900.00 | $249,030.00 |
| Lexus | $4,199.00 | $0.00 | $4,199.00 | $2,600.00 | $1,599.00 |
| Furniture | $13,000.00 | $0.00 | $13,000.00 | $13,000.00 | $0.00 |
| Checking | $5,926.86 | $0.00 | $5,926.86 | $1,000.00 | $4,926.86 |
| Savings | $3,574.45 | $0.00 | $3,574.45 | $2,000.00 | $1,574.45 |
| Fidelity | $4,636.30 | $0.00 | $4,636.30 | $0.00 | $4,636.30 |
| Fidelity | $100,974.56 | $0.00 | $100,974.56 | $0.00 | $100,974.56 |
| Estya | $35,373.96 | $0.00 | $35,373.96 | $0.00 | $35,373.96 |
| Kuber | $108,000.00 | $0.00 | $108,000.00 | $0.00 | $108,000.00 |
| Lamar | $100,000.00 | $0.00 | $100,000.00 | $0.00 | $100,000.00 |
| SECU checking - Debtor 1 only | $492.64 | $0.00 | $492.64 | $0.00 | $492.64 |
| SECU savings - Debtor 1 only | $153.02 | $0.00 | $153.02 | $0.00 | $153.02 |
| | Total | | | | $606,760.79 |

### 1.4    Any Assumptions Made Concerning the Asset's Value Particularly to the Extent the Value of the Asset is Different From What was Scheduled as of the Petition Date

Debtors' Amended Schedule B to include two (2) bank accounts at SECU. Those were not included on the original Schedules. Same are included in Section 1.3 above. Otherwise, there were no changes in the assumption of asset values made since the filing of Debtors' Schedules on March 8, 2023. The two SECU bank accounts have been closed, and the funds deposited in the M & T Bank Debtor In Possession account of the Debtors.

### 1.5    Debtors' Liabilities

The table below discloses Debtors' liabilities by aggregating the total amount of allowed timely filed claims in each class under the Original Plan.

| Class # | Description of Liability by Class | Total Amount of Claims in the Class |
|---------|-----------------------------------|-------------------------------------|
| 1 | Administrative Expense Claims | Counsel fees of $18,711.55 through August 31, 2023 plus fees incurred by Subchapter V Trustee in the amount of $2,310.00 through September 2023. |
| 2 | Priority Tax Claim of the IRS | $200.00 |
| 3 | Secured Claim of PHH Mortgage | $88,825.43 (per claim) |
| 4 | Unsecured Claims secured by assets of related entities | $3,484,815.28* |
| 5 | General Unsecured Claims | $778,258.22* |
|  | TOTAL | $4,373,120.40 |

\* Same represents the unsecured claims listed on schedules for which no claims were filed plus the balance due on claims filed per the filed proofs of claim. The claim of Estya Group LLC is excluded from this calculation and from distribution since same is considered an insider.

### 1.6    Current and Historical Financial Conditions

A list of debtors' current income and expenses/financial projection and debtors ability to fund its obligation under the Plan (attached hereto as Schedule A).

Information concerning the Debtors' post-petition financial performance is found in the monthly operating reports filed of public record by the Debtors with the Bankruptcy Court.

### 1.7    Events Leading to the Filing of the Bankruptcy Case

On the Petition Date, the Debtors filed a voluntary petition for relief under the Bankruptcy Code. The Chapter 11, Subchapter V case is pending in the United States Bankruptcy Court for the Middle District of Pennsylvania.

The bankruptcy was precipitated by the adverse impacts of the COVID-19 worldwide pandemic on Milesburg Hotel owned by Milesburg Hospitality, LLC. Throughout the pandemic, the hotel experienced a dramatic decline in occupancy due to diminished travel to Penn State University and diminished business travel within the United States of America. Hotel revenues

decreased substantially during the course of the pandemic to the point where the hotel was no longer sustainable.

**1.8      Significant Events During the Bankruptcy Case, which may Include:**

**1.8.1   Any asset sales outside the ordinary course of business, debtor-in-possession financing, or cash collateral orders:**

No sale of the Debtors' assets outside of the ordinary course of business occurred in this case to date. To date, Debtors did not receive debtor-in-possession financing.

**1.8.2   The identity of professionals approved by the Bankruptcy Court:**

The employment of Imblum Law Offices, P.C. as Debtors' counsel was approved by this Court on April 3, 2023 [Doc. No. 25].

**1.8.3   Any adversary proceedings that have been filed or other significant litigation that has occurred (including contested claim disallowance proceedings), and any other significant legal or administrative proceedings that are pending or have been pending during the case in the forum other than the Bankruptcy Court:**

No adversary proceeding has been filed in this case to date. The Debtors do not anticipate the commencement of an adversary proceedings at this time.

As of the Petition Date, a foreclosure action was pending against Milesburg Hospitality, LLC. The Milesburg Hotel was sold at Sheriff's sale the day after the filing of the petition.

**1.8.4   Any steps taken to improve operations and profitability of the Debtors:**

Debtor, Srinath Dharmapadam, was employed full time by Srivigna Management, Inc. a/k/a Lakshmi Kuber, Inc. prior to the filing of the bankruptcy. Srinath Dharmapadam entered into a contract with Sirnaik, LLC in March, 2023 to do independent contracting work for a gross amount of $5,000.00 per month. Estya Group, Inc, fully owned by Debtors, also entered into an agreement to do independent contracting work with Sirnaik, LLC in May of 2023 for $5,000.00 per month. Debtors believe and hereby aver that said income when combined with proceeds from the liquidation of assets as described in section 1.8.5 of this plan and financing to be obtained by Debtors as described in section 2.5.1 and 2.5.3 of this plan is sufficient for them to pay their normal monthly bills and to make the payments pursuant to this Plan.

**1.8.5   Other events as appropriate:**

Debtors will surrender their interests in Kuber Hospitality, LLC and Lamar Hospitality, LLC to the Subchapter V Trustee. It is assumed that same will be auctioned by the Subchapter V Trustee and the net proceeds distributed, pro-rata, to Unsecured Claims secured by assets of related entities and to General Unsecured Creditors.

## 1.9    Projected Avoidance Actions

The Debtors do not intend to pursue preference, fraudulent conveyance, or other Avoidance Actions.

## ARTICLE 2

## THE PLAN

## 2.1    Treatment of Unclassified Claims

### 2.1.1    Administrative Claims

Each Allowed Administrative Claim shall be paid as follows: (a) in full on the Effective Date, or (b) in such amounts or on such other terms as may be agreed on between the holder of such Allowed Administrative Claim and the Debtors, or (c) as ordered by the Court.

The following chart lists the Debtors estimated Administrative Claims, and their proposed treatment under the Plan:

| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Professional fees, as approved by the Bankruptcy Court | $18,711.55 through August 31, 2023 | Imblum Law Offices, P.C. will be paid to the extent that the retainer is sufficient to pay said fees in full. To the extent that the present retainer is insufficient to pay said fees in full, and same is not paid by the Subchapter V Trustee from the sale of assets as described in section 1.8.5, then said fees will be paid by the Debtors at a rate of $1,500.00 per month, until all fees are paid in full, subject to bankruptcy court approval. |
| Clerk's Office fees | None | N/A |

| Subchapter V Trustee | $2,310.00 through September 11, 2023 | To the extent that same is not paid by the Subchapter V Trustee from the sale of assets as described in section 1.8.5, said fees will be paid by the Debtors at a rate of $500.00 per month, until paid in full, subject to bankruptcy court approval. |
|---|---|---|

### 2.1.2   Priority Tax Claims

Certain priority Claims that are referred to in §§507(a)(1), (4), (5), (6) and (7) of the Code are required to be placed in classes. The Code requires that each holder of such a Claim receive cash on the Effective Date of the Plan equal to the allowed amount of such Claim. However, a class of holders of such Claims may vote to accept different treatment. There is one (1) priority unsecured Claim. Said claim is the claim of the IRS in the amount of $200.00. The IRS will be paid in full by the Debtors the month after all adminstrative claims are paid in full as stated in section 2.1.1 above.

### 2.2   Classifications and Treatment of Claims and Equity Interests

### 2.2.1   Secured Claims of PHH Mortgage LLC

| Class # | Description | Disputed? (Y/N) | Impaired / Unimpaired | Treatment |
|---|---|---|---|---|
|  | PHH Mortgage, LLC<br><br>Collateral: Secured by the residential real estate at 19010 Maple Valley Circle, Hagerstown, MD 21742<br><br>Allowed Secured Amount: $88,825.43<br>   Principal: $84,406.25<br>   Interest: $2,338.61<br>   Escrow Deficiency: $2,080.57<br>   Total Arrears: $13,712.27 | N | Unimpaired | Payment of arrears by the Debtors in equal monthly installments over a period of seven (7) months beginning one (1) month after all Administrative Claims and Priority Tax Claims are paid in full. Regular monthly payments to continue to be paid each and every month by the Debtors in accordance with the loan documents. Lien to be retained until debt is paid in full. |

## 2.2.2 Unsecured Claims Secured by Assets of Related Entities

| Class # | Description | Disputed? (Y/N) | Impaired / Unimpaired | Treatment |
|---|---|---|---|---|
| | Small Business Administration<br><br>Collateral: Secured by all assets of Srivigna Management Inc., a/k/a Lakshmi Kuber,Inc.<br><br>Secured Amount: $536,030.82 | | Impaired | SBA will retain its lien against the assets of Srivigna Management Inc. and may proceed against said assets. To the extent that this claim is not satisfied in whole or in part by said assets, it will be paid a pro rata distribution of the amount being paid through the plan by the Debtors within five (5) years after confirmation of the plan. Payments to begin one month after all administrative, priority and the secured claim to PHH are paid as stated in sections 2.1.1,2.1.2,and 2.2.1. |
| | Small Business Administration<br><br>Collateral: Assets of Milesburg Hospitality Inc.<br><br>Secured Amount: $136,562.00 | | Impaired | SBA will retain its lien against the assets of Milesburg Hospitality Inc. and may proceed against said assets. To the extent that this claim is not satisfied in whole or in part by said assets, it will be paid a pro rata distribution of the amount being paid through the plan by the Debtors within five (5) years after confirmation of the plan. Payments to begin one month after all administrative, priority and the secured claim to PHH are paid as stated in sections 2.1.1,2.1.2,2.2.1. |

| | | | |
|---|---|---|---|
| | Small Business Administration<br><br>Collateral: Assets of Estya Group, LLC<br><br>Secured Amount: $61,507.19 | | Impaired | SBA will retain its lien against the assets of Milesburg Hospitality Inc./Estya Group, LLC and may proceed against said assets. To the extent that this claim is not satisfied in whole or in part by said assets, it will be paid a pro rata distribution of the amount being paid through the plan by the Debtors within five (5) years after confirmation of the plan. Payments to begin one month after all administrative, priority and the secured claim to PHH are paid as stated in sections 2.1.1,2.1.2,and 2.2.1. |
| | West Town Bank & Trust<br>Amount owed:<br>$2,750,715.18<br>(No claim filed) | | | West Town Bank & Trust will retain its lien against the assets of Milesburg Hospitality, LLC and may proceed against said assets. To the extent that this claim is not satisfied in whole or in part by said assets, it will be paid a pro rata distribution of the amount being paid through the plan by the Debtors within five (5) years after confirmation of the plan Payments to begin one month after all administrative, priority and secured claims are paid as stated in section 2.1.1, 2.1.2 and 2.2.1. |

### 2.2.3   General Unsecured Claims

General unsecured Claims are not secured by property of the estate and are not entitled to priority under §507(a) of the Code. A list of holders of unsecured claims who have either been scheduled by the Debtors as non-contingent, undisputed, or liquidated or who filed a Proof of Claim is set forth below.

An Order setting a bar date was entered on March 27, 2023. That Order established a bar date of May 1, 2023. In accordance with paragraph 5 of said Order, all holders of claims that fail to comply with the Order or with the provisions of Federal Rule of Bankruptcy Court 3003(c), as to the filing of or allowance of claims shall not be treated as a creditor with respect to such claim for purposes of voting on any Plan of Reorganization if they were listed as unliquidated, contingent or disputed and shall not receive distribution from Debtors' estate. Set forth below are the unsecured nonpriority creditors which timely filed a Proof of Claim in this matter or, if claim was not filed, the claim was not listed as unliquidated, contingent or disputed, said creditor is listed in the amount as listed on schedule F:

| Class # | Description | Impaired / Unimpaired | Treatment | Entitled to Vote |
|---|---|---|---|---|
| | Coploff, Ryan & Houser Amount of claim: $2,354.00 (Claim 1) | Impaired | Will be paid a pro rata distribution of the amount being paid through the plan by the Debtors within five (5) years after confirmation of the plan Payments to begin one month after all administrative, priority and secured claims are paid as stated in section 2.1.1, 2.1.2, and 2.2.1.. | Yes |
| | JPMorgan Chase Bank, N.A. Amount of claim: $37,929.74 (Claim 2) | Impaired | Will be paid a pro rata distribution of the amount being paid through the plan by the Debtors within five (5) years after confirmation of the plan Payments to begin one month after all administrative, priority and secured claims are paid as stated in section 2.1.1, 2.1.2, and 2.2.1.. | Yes |

| | | | | |
|---|---|---|---|---|
| | Navitas Credit Corp. Amount of claim: $3,222.83 (Claim 5) | Impaired | Will be paid a pro rata distribution of the amount being paid through the plan by the Debtors within five (5) years after confirmation of the plan Payments to begin one month after all administrative, priority and secured claims are paid as stated in section 2.1.1, 2.1.2, and 2.2.1. | Yes |
| | Navitas Credit Corp. Amount of claim: $3,504.17 (Claim 6) | Impaired | Will be paid a pro rata distribution of the amount being paid through the plan by the Debtors within five (5) years after confirmation of the plan Payments to begin one month after all administrative, priority and secured claims are paid as stated in section 2.1.1, 2.1.2, and 2.2.1. | Yes |
| | SBA Amount of Claim: $10,794.77 | | SBA will be paid a pro rata distribution of the amount being paid through the plan by the Debtors within five (5) years after confirmation of the plan Payments to begin one month after all administrative, priority and secured claims are paid as stated in section 2.1.1, 2.1.2, and 2.2.1. | |

| | | |
|---|---|---|
| John Calebbee, Esq.<br>Amount owed: $20,215.59<br>(No Claim filed) | | Will be paid a pro rata distribution of the amount being paid through the plan by the Debtors within five (5) years after confirmation of the plan Payments to begin one month after all administrative, priority and secured claims are paid as stated in section 2.1.1, 2.1.2, and 2.2.1. | |
| Verizon<br>Amount owed: $169.00<br>(No claim filed) | | Will be paid a pro rata distribution of the amount being paid through the plan by the Debtors within five (5) years after confirmation of the plan Payments to begin one month after all administrative, priority and secured claims are paid as stated in section 2.1.1, 2.1.2, and 2.2.1. | |

### 2.2.4 Equity Interest Holders

The following lists the classes of Equity Interests and their proposed treatment under the Amended Plan:

The Debtors shall retain ownership of all of their assets.

### 2.3 Claims Objections

The Debtors may object to the amount or validity of any claim within forty-five (45) days following entry of the Post-Confirmation Order (unless otherwise modified or extended by Court Order) by filing an objection with the Bankruptcy Court and serving a copy of the objection on the holder of the Claim. The Claim objected to will be treated as a Disputed Claim under the Plan. No payment will be made to a holder or a Disputed Claim unless and until it becomes an Allowed Claim. To the extent the Disputed Claim becomes an Allowed Claim, the Debtor will pay the Allowed Claim in accordance with the Plan.

**2.4    Treatment of Executory Contracts and Unexpired Leases**

Executory Contracts are contracts where significant performances of the contract remains for both the Debtors and another party to the contract. The defined term "Executory Contract" as used in this Plan includes unexpired leases.

The Executory Contracts to be assumed by the Debtors and performed by the Debtors after confirmation, as set forth below, provides the name of the counter party to the Executory Contract, a brief description of the contract, and the proposed cure amount.

None

All of the Executory Contracts will be deemed rejected upon entry of the confirmation order.

**2.5    Means for Implementation of the Plan and Plan Funding**

**2.5.1    Describe how the Plan will be implemented, including how the Plan will be funded.**

The income generated by Srinath Dharmapadam, as an independent contractor, the contract income from Estya Group, LLC and the funds generated from the sale of assets as described in section 1.8.5 plus the proceeds from a loan secured within five (5) years after confirmation of the plan as described in section 2.5.3 of this plan, will serve as the funding source for payments to creditors as described herein.

**2.5.2    If the Plan proposes a sale of the Debtors' assets, describe how the sale will proceed, including anticipated marketing efforts and proposed bidding procedures.**

As described in section 1.8.5, it is anticipated that the Subchapter V Trustee will liquidate Debtors' interest in Kuber Hospitality, LLC and Lamar Hospitality, LLC and pay the net proceeds to creditors in order of priority, pro rata.

**2.5.3    Describe any post-petition or exit financing the Debtors have or will obtain to fund the Plan.**

The Plan proposes that Debtors obtain exit financing within 5 years of confirmation of the plan sufficient to pay the balance due on the plan. The amount of the financing will be approximately $278,760.76 which represents the total non exempt equity of $606,760.79, minus the value of the Kuber and Lamar assets ($208,000), which will be liquidated by the Subchapter V Trustee, minus the monthly payments to be paid by the Debtors ($120,000).

Debtors will pledge as collateral for this loan their residence in which they had equity of $276,930 at the time of the filing of the bankruptcy. Said equity is expected to grow significantly within the next 5 years due to appreciation in the value of the residence. Said appreciation combined with the reduction in the balance due on the mortgage, due to payment of monthly

payments, will result in more than enough equity to allow Debtors to secure this loan.

**2.5.4 Describe additional provisions, if any, for implementing the Plan, including provisions necessary to comply with §1191(c)(3)(B).**

If Debtors are unable to pay the creditors from disposable income, plus the sale of assets as described in Section 1.8.5, plus the proceeds from the exit financing as described in section 2.5.3 above, non-exempt assets will be liquidated to generate funds sufficient to pay creditors according to this plan..

## 2.6 Payments

The Debtors shall make Plan payments unless the Plan is confirmed under §1191(a), whereupon payments to Creditors provided in the Plan will be made by the Trustee pursuant to §1194(a) (to the extent of any payments and funds received by the Trustee prior to confirmation). Once the Trustee's service is terminated under §1183(c), the Debtors shall make Plan payments except as otherwise provided in the Plan in the order confirming the Plan.

If the Plan is confirmed under §1191(b), except as otherwise provided in the Plan or in the order confirming the Plan, the Trustee shall make all Plan payments to creditors under the Plan.

Payment made pursuant to the Plan that are unclaimed after six (6) months shall be treated as unclaimed funds and shall include checks and funds represented by the checks which have been returned as undeliverable without a proper forwarding address. Provided that the Plan distribution was sent to the claimant's last known address on the claims register, unclaimed funds shall constitute an abandonment of the claim and become the property of the Debtors.

## 2.7 Termination of Trustee Services

If the Plan is confirmed under §1191(a), the service of the Trustee shall terminate when the Original Plan has been substantially consummated (within the meaning of, and except as otherwise provided in §1183(c)(1)). If the payments contemplated by the Plan are made, the Debtors believe substantial consummation of the Plan will occur on the Effective Date. Not later than 14 days after substantial consummation, the Debtors will file and serve, in accordance with §1183(c)(2), a notice that the Plan is substantially consummated.

## 2.8 Post-Confirmation Management

Not applicable.

## 2.9 Tax Consequences of the Plan

The Debtors make no representation regarding the tax consequences of the Plan to any

Creditor or Equity Interest Holder. Creditors and Equity Interest Holders, concerned with how the Plan may affect their tax liability should consult with their own accountants, attorneys and/or advisors.

## ARTICLE 3

## FEASIBILITY OF ORIGINAL PLAN

### 3.1     Ability to Initially Fund Plan

The Debtors' financial projections demonstrate sufficient cash on hand to satisfy obligations due on the Effective Date of the Plan, including payment of the Allowed Administrative Claims, U.S. Trustee Fees, and cure amounts, in accordance with the Bankruptcy Code or as otherwise agreed.

### 3.2     Ability to Make Future Original Plan Payments and Operate Without Further Reorganization

Pursuant to §1190(2) of the Bankruptcy Code, the Debtor shall submit all or such portion of future income and proceeds from sale of assets as described in Section 1.8.5 of this Plan and the proceeds from financing as described in 2.5.3 of this Plan as is necessary for the confirmation of the Plan and to satisfy the Debtors' obligations under Article 2 of the Plan.

Attached hereto as Schedule A are the Debtors' financial projections demonstrating the Debtors' ability to make all future Plan payments in the aggregate amount of $2000.00 per month during the Plan term (the "Plan Funding"). To the extent necessary, the Plan funding will be in an amount equal to the Debtors' disposable income as defined in §1191(d) of the Bankruptcy Code.

The final Plan payment is expected to be paid in October 2028.

**You Should Consult with Your Accountant or other Financial Advisor If You Have Any Questions Pertaining to the Debtors' Financial Projections.**

## ARTICLE 4

## LIQUIDATION ANALYSIS

### 4.1     Comparison of Original Plan with Chapter 7 Liquidation

In order to confirm the Plan, the Bankruptcy Court must find that holders of Allowed Claims and Equity Interests who do not accept the Plan will receive at least as much under the

Plan as such holders would receive in a Chapter 7 liquidation of the Debtors' assets (the "Liquidation Test").

If the Debtors' proposed Plan is not confirmed, the potential alternatives would include dismissal of the case or conversion of case to Chapter 7. If this case is converted to Chapter 7, a Chapter 7 Trustee will be appointed to liquidate all the Debtors' non-exempt assets. In this event, all Secured Claims (to the value of the collateral), all Priority Unsecured Claims and all Administrative Claim (both Chapter 7 and Chapter 11) must be paid in full before any distribution is made to holders of Non-Priority Unsecured Claims.

## 4.2    Liquidation Analysis

| | |
|---|---|
| Value of Estate's Interests in Assets | $606,760.79 |
| Minus | |
| • Estimated Chapter 7 expenses (calc. at 8% of the Total Value All Assets): | -$ 50,000.00 |
| • Amount of Administrative Claims | -$ 21,021.55 |
| Total Priority Claims | -$    200.00 |
| Total Available for General Unsecured Claims in a Chapter 7 Liquidation | $535,539.24 |

Amount of General Unsecured Claims in a Chapter 7 Liquidation

| | |
|---|---|
| Total | $ 3,528,973.40 |
| Unsecured Portion of General Unsecured Claims (not deducting for assets of related entities securing said claims) | $3,528,973.40 |
| Total amount of Unsecured Claims | $3,528,973.40 |
| Percentage Distribution (approximation) | **16.5%** |

The Plan passes the Liquidation Test because the percentage distribution to holders of Unsecured Claims secured by assets of related entities and General Unsecured Claims under the Plan is projected to be $585,538.91, whereas such Creditors are projected to receive $535,539.24 in a hypothetical chapter 7 liquidation.

## ARTICLE 5

## DISCHARGE

### 5.1    Discharge

If the Plan is consensual and confirmed under §1191(a), on the Confirmation Date of this

Plan, the Debtors will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the Effective Date, to the extent specified in §1141(d) of the Bankruptcy Code.

Alternatively, if the Plan is confirmed under §1191(b), over the objection of any creditors, as soon as practicable after completion by the Debtors of all payments due under the Plan, unless the Court approves a written waiver of discharge executed by the Debtors after the order for relief under this chapter, the court shall grant the Debtors a discharge of all debts provided in §1141(d)(1)(A) of this title, and all other debts allowed under §503 of this title and provided for in this Plan, except any debt –

(1)   on which the last payment is due after the first 3 years of the Plan, or such other time not to exceed 5 years fixed by the court; or

(2) if applicable, of the kind specified in §523(a) of this title.

## ARTICLE 6

### GENERAL PROVISIONS

**6.1     Title to Assets**

If the Plan is confirmed under §1191(a), except as otherwise provided in the Plan or in the Confirmation Order, (i) confirmation of the Plan vests all of the property of the estate in the Debtors, and (ii) after Plan Confirmation, the property dealt with by the Plan is free and clear of all Claims and Equity Interests, except the security interest in Debtors' real estate held by PHH Mortgage.

**6.2     Binding Effect**

If the Plan is confirmed, the provisions of the Plan will bind the Debtors and all Creditors, whether or not they accept the Plan.  The rights and obligations of any entity names or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

**6.3     Severability**

If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Original Plan.

### 6.4 Retention of Jurisdiction by the Bankruptcy Court

The Bankruptcy Court shall retain jurisdiction of this case with regard to the following matters: (i) to make such orders as are necessary or appropriate to implement the provisions of this Plan and to resolve any disputes arising from implementation of the Plan ; (ii) to rule on any modification of the Plan proposed under §1193; (iii) to hear and allow all applications for compensation to professionals and other Administrative Expenses; (iv) to resolve all issues regarding Claims objections, and issues arising from the assumption/rejection of executory contracts or unexpired leases; (v) to adjudicate any cause of action which may exist in favor of the Debtors, including preference and fraudulent transfer causes of action; and (vi) to direct the Debtors and any other necessary party to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property dealt with by the confirmed Plan, and to perform any other act, including the satisfaction of any lien, that is necessary for the consummation of the Plan.

### 6.5 Captions

The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

### 6.6 Modification of Original Plan

The Debtors may modify the Plan at any time before confirmation of the Plan pursuant to §1193(a). However, the Bankruptcy Court may require additional items including re-voting on the Plan.

If the Plan is confirmed under §1191(a), the Debtors may also seek to modify the Original Plan at any time after Confirmation only if (1) the Plan has not been substantially consummated, *and* (2) the Bankruptcy Court authorizes the proposed modification after notice and a hearing.

If the Plan is confirmed under §1191(b), the Debtors may seek to modify the Plan any time only if (1) it is within three (3) years of the Confirmation Date, or such longer time not to exceed five (5) years, as fixed by the court, *and* (2) the Bankruptcy Court authorizes the proposed modifications after notice and a hearing.

### 6.7 Final Decree

Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Debtors, or such other party as the Bankruptcy Court shall designate in the Plan Confirmation Order, shall file a motion with the Bankruptcy Court to obtain a final decree to close the case. Alternatively, the Bankruptcy Court may enter such a final decree on its own motion.

## ARTICLE 7

### DEFINITIONS

The definitions and rules of construction set forth in §§101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Bankruptcy Code are used in this Original Plan. Where applicable, the definitions that follow that are found in the Bankruptcy Code are for convenience of reference only and are superceded by the definitions found in the Bankruptcy Code.

**7.1     Administrative Claim:** Any cost or expense of administration of the Chapter 11 Case entitled to priority under §507(a)(2) of the Bankruptcy Code and allowed under §503(b) of the Bankruptcy Code.

**7.2     Allowed:** With respect to a Claim or Equity Interest means any claim against or equity interest in the Debtor pursuant to §502 of the Bankruptcy Code to the extent that: (a) the Debtors' scheduled such Claim as an undisputed, non-contingent and liquidated Claim, or (b) a Proof of Claim was either timely filed or was filed late with leave of the Bankruptcy Court, and, as to which either (i) a party in interest, including the Debtors, does not timely file an objection, or (ii) is allowed by the Final Order.

**7.3     Original Plan:** This Plan, either in its present form or as it may be altered, amended, or modified from time to time.

**7.4     Avoidance Action:** All causes of actions, suits, causes in action, and claims of the Debtors and/or the Debtors' estate against any entity or person seeking to avoid a transfer of property, recovery of property and subordination or other actions or remedies that may be brought on behalf of the Debtors or the Debtors' estate under the Bankruptcy Code or applicable non-bankruptcy law, including actions or remedies under §§510, 542, 543, 544, 545, 547, 548, 549, 550, 551, 552 and 553 of the Bankruptcy Code.

**7.5     Bankruptcy Code**

The Bankruptcy Reform Act of 1978, as amended and codified at title 11 of the United States Code, 11 U.S.C. 21101, *et seq.*

**7.6     Bankruptcy Court:** The United States Bankruptcy Court of the Middle District of Pennsylvania.

**7.7     Bankruptcy Rules:** The Federal Rules of Bankruptcy Procedure.

**7.8     Cash:** Cash, cash equivalents and other readily marketable securities or instruments issued by a person other than the Debtors, including, without limitation, readily marketable direct obligations of the United States of America, certificate of deposit issued by banks and commercial paper of any entity, including interest accrued or earned thereon.

**7.9     Bankruptcy Case:** This case under Chapter 11, Subchapter V of the Bankruptcy Code in which Srinath Dharmapadam and Purvi Srinath Dharmapadam are the Debtors.

**7.10    Claim:** Any claim as defined in §101(5) of the Bankruptcy Code.

**7.11    Class:** A category of holders of claims or interests which are substantially similar to the other claims or interests in such class.

**7.12    Confirmation:** The entry by the Bankruptcy Court of an order confirming this Plan.

**7.13    Confirmation Date:** The Date upon which the Bankruptcy Court shall enter the Confirmation Order; provided however, that if on motion the Confirmation Order or consummation of the Plan is stayed pending appeal, then the Confirmation Date shall be the entry of the Final Order vacating such stay or the date on which such stay expires and is no longer in effect.

**7.14    Confirmation Order:** An order of the Bankruptcy Court or any amendment thereto confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

**7.15    Creditor:** Any person who has a Claim against the Debtors that arose on or before the Petition Date.

**7.16    Debtors:** Srinath Dharmapadam and Purvi Srinath Dharmapadam, the Debtors in this Chapter 11 Case.

**7.17    Disputed Claim:** Any claim against the Debtors pursuant to §502 of the Bankruptcy Code that the Debtors or any party in interest has in any way objected to, challenged or otherwise disputed.

**7.18    Effective Date:** The date on which the Plan shall become effective.

**7.19    Equity Interest:** An ownership interest in the Debtors.

**7.20    Executory Contracts:** All unexpired leases and executory contracts as described in §365 of the Bankruptcy Code.

**7.21    Final Order:** An order or judgment of the Bankruptcy Court that has not been reversed, stayed, modified or amended and as to which (a) any appeal that has been taken has been finally determined or dismissed, or (b) the time for appeal has expired and no notice of appeal has been filed.

**7.22    General Unsecured Claim:** Any Claim in the Bankruptcy which is not a Secured Claim, Priority Tax Claim, or Priority Unsecured Claim.

**7.23    Insider:** The relationship between the Debtors and other persons defined at §101(31) of the Bankruptcy Code.

**7.24    Petition Date:** March 8, 2023, the date on which the Debtors' Chapter 11 petition for relief was filed.

**7.25    Post-Confirmation Order:** The Post-Confirmation Order and Notice of Deadline entered by the Bankruptcy Court following Plan confirmation providing, among other things, the deadlines by which post-Confirmation actions must be taken.

**7.26    Priority Unsecured Claim:** Any Claim entitled to priority in payment under §507(a)(1).

**7.27    Priority Tax Claim:** Any Claim entitled to priority in payment under §507(a)(8) of the Bankruptcy Code.

**7.28    Schedules:** Schedules and Statement of Financial Affairs filed by the Debtors with the Bankruptcy Court listing liabilities and assets.

**7.29    Secured Claim:** A Claim that is secured by property of the Debtors' bankruptcy estate (or that are subject to setoff) to the extent allowed as secured claims under §506 of the Bankruptcy Code.

**7.30    Trustee:** Lisa Ann Rynard, the Trustee appointed pursuant to 11 U.S.C. §1183(a) and whose duties are prescribed under §1183(b) of the Bankruptcy Code, the Plan, and/or the order confirming the Plan.

**7.31    Value of the Estate's Interest in Assets:** As to any of the Debtors, the value of the estate's interest in an asset is calculated by subtracting from the Liquidation Value listed for the asset in Plan Section 1.4: (a) the amount of the Allowed Secured Claims having a security interest in the asset; and (b) the amount of any claimed exemption applicable to the asset. The Value of the Estate's Interest is calculated for purposes of the Liquidation Test in Article 4 of this Plan, only, and for no other purpose.

Respectfully submitted,

IMBLUM LAW OFFICES, P.C.

Dated:    9/18/2023

Gary J. Imblum, Esquire
PA ID No. 42606
4615 Derry Street
Harrisburg, PA 17111
(717) 238-5250
Fax: (717) 558-8990
Gary.Imblum@Imblumlaw.com
Counsel for Debtors

Schedule A

## 3.2 Income Analysis (monthly)

| | |
|---|---|
| Srinath Dharmapadam's current contract income | $5,000.00 |
| Contract income from Estya Group, LLC | $5,000.00 |
| **Total Current Income:** | $10,000.00 |

### Expenses (monthly)

Estimated monthly taxes:

| | |
|---|---|
| Federal | $994.67 |
| State | $429.50 |
| Local | $255.75 |
| Social security (15.3% self employment) | $1530.00 |
| Total estimated monthly taxes | $3,209.92 |
| Net monthly income | $6,790.08 |

Net monthly income $6,790.08

Personal expenses:

| | | |
|---|---|---|
| Mortgage (includes escrow) | $974.48 | |
| Home maintenance | $300.00 | |
| Telephone and Internet | $225.00 | |
| Electric, heat, natural gas | $85.00 | |
| Water, sewer, garbage | $100.00 | |
| Food/housekeeping | $850.00 | |
| Clothing, laundry, dry cleaning | $90.00 | |
| Personal care products/services | $150.00 | |
| Medical/dental expenses | $200.00 | |
| Transportation | $300.00 | |
| Entertainment | $200.00 | |
| Life insurance | $300.00 | |
| Vehicle insurance | $130.00 | |
| Pet care | $140.00 | |
| Business Promotion Expenses | $200.00 | |
| Monthly reserve | | |
| for unexpected expenses | $500.00 | |
| Total personal expenses | | $4,739.48 |

Disposable income $2,026.91

Plan payment $2,000.00

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE** | : | **CASE NO.  4:23-bk-00487-MJC** |
| **SRINATH DHARMAPADAM** | : | |
| **PURVI SRINATH DHARMAPADAM** | : | **CHAPTER 11, Subchapter V** |
| **aka PURVI P.  TIJORIWALA** | : | |
| Debtors | : | |

### BALLOT FOR ACCEPTING OR REJECTING PLAN OF REORGANIZATION

Srinath Dharmapadam and Purvi Srinath Dharmapadam has filed a Subchapter V, Chapter 11 amended plan of reorganization dated September 18, 2023 (the Amended Plan) as the Debtors in this case.

**You should review the Amended Plan before you vote.  You may wish to seek legal advice concerning the Amended Plan and your classification and treatment under the Plan.  If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.  Your claim has been placed into one or more of the following classes:**

| | |
|---|---|
| **Class 1.** | **Administrative Expense Claims** |
| **Class 2.** | **Priority Tax Claim of the IRS** |
| **Class 3.** | **Secured Claim of PHH Mortgage** |
| **Class 4.** | **Unsecured Claims secured by assets of related entitles** |
| **Class 5.** | **General Unsecured Claims** |

**If your ballot is not received by Gary J. Imblum, Esquire, Imblum Law Offices, P.C., 4615 Derry Street, Harrisburg, PA 17111, (717) 238-5250 on or before <u>October 17, 2023</u>, and such deadline is not extended, your vote will not count as an acceptance or rejection of the Plan.**

**If the Amended Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

[Remainder of page intentionally left blank]

Acceptance or Rejection of the Plan

The undersigned, the holder of a Class [  ] claim against the Debtors in the unpaid amount of

[$_____]:

Check one box only:

 [ ] **Accepts the Plan**

 [ ] **Rejects the Plan**

Dated:  _____

Print or type name:  _____

Signature:  _____

Address:  _____

 _____

 _____

**************************************************************************

Return this ballot to:

 Gary J. Imblum, Esquire
 Imblum Law Offices, P.C.
 4615 Derry Street
 Harrisburg, PA 17111

**BALLOT MUST BE RECEIVED AT THE ABOVE ADDRESS ON OR BEFORE
October 17, 2023**

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

CASE INFO

 LABEL MATRIX FOR LOCAL NOTICING
NCRS ADDRESS DOWNLOAD
CASE 423-00487-MJC
MIDDLE DISTRICT OF PENNSYLVANIA
TUE SEP 19 10-18-41 PST 2023

AMERICAN EXPRESS NATIONAL BANK
CO BECKET AND LEE LLP
PO BOX 3001
MALVERN  PA 19355-0701

EXCLUDE
~~(U)PHH MORTGAGE CORPORATION~~

SMALL BUSINESS ADMINISTRATION
PARKVIEW TOWER
1150 FIRST AVENUE  SUITE 1001
KING OF PRUSSIA  PA 19406-1393

EXCLUDE
~~UNITED STATES TRUSTEE~~
~~US COURTHOUSE~~
~~1501 N 6TH ST~~
~~HARRISBURG  PA 17102-1104~~

WEST TOWN BANK  TRUST
8450 FALLS NEUSE ROAD
SUITE 202
RALEIGH  NC 27615-3549

EXCLUDE
~~US BANKRUPTCY COURT~~
~~197 S MAIN ST  WILKESBARRE  PA 18701 OR~~
~~1501 N 6TH STREET~~
~~HARRISBURG  PA 17102~~

EXCLUDE
~~(D)AMERICAN EXPRESS NATIONAL BANK~~
~~CO BECKET AND LEE LLP~~
~~PO BOX 3001~~
~~MALVERN  PA 19355-0701~~

EXCLUDE
~~(D)AMERICAN EXPRESS NATIONAL BANK~~
~~CO BECKET AND LEE LLP~~
~~PO BOX 3001~~
~~MALVERN PA 19355-0701~~

BALAGAN ARUMUGASWAMY
12100 FRANKLIN STREET
BELTSVILLE  MD 20705-1174

(P)JPMORGAN CHASE BANK  N A
BANKRUPTCY MAIL INTAKE TEAM
700 KANSAS LANE FLOOR 01
MONROE LA 71203-4774

(P)COMPTROLLER OF MARYLAND
BANKRUPTCY UNIT
301 W PRESTON ST ROOM 409
BALTIMORE MD 21201-2383

COPLOFF  RYAN  HOUSER
136 EAST WATER STREET
PO BOX 389
LOCK HAVEN  PA 17745-0389

ESTYA GROUP  LLC
19010 MAPLE VALLEY CIRCLE
HAGERSTOWN  MD 21742-2210

FINNEGANS SPORTS BAR  INC
19010 MAPLE VALLEY CIRCLE
HAGERSTOWN  MD 21742-2210

GREAT AMERICAN CAPITAL GROUP
14209 CAROL WAY  SUITE 101
NEWARK TX 76071-8932

INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA  PA 19101-7346

JPMORGAN CHASE BANK  NA
SBMT CHASE BANK USA  NA
CO NATIONAL BANKRUPTCY SERVICES  LLC
PO BOX 9013
ADDISON  TEXAS 75001-9013

JOHN CALEB BEE  ESQUIRE
811 UNIVERSITY DRIVE
STATE COLLEGE  PA 16801-6624

JUSTIN HOUSER  ESQUIRE
COPLOFF  RYAN  HOUSER
136 EAST WATER STREET - PO BOX 389
LOCK HAVEN  PA 17745-0389

MILESBURG HOSPITALITY  LLC
19010 MAPLE VALLEY CIRCLE
HAGERSTOWN  MD 21742-2210

MILLER  KISTLER  CAMPBELL
720 SOUTH ATHERTON STREET
SUITE 201
STATE COLLEGE  PA 16801-4669

(P)NAVITAS CREDIT CORP
ATTN JOYCE MCKULKA
201 EXECUTIVE CENTER DR SUITE 100
COLUMBIA SC 29210-8410

PA DEPT OF REVENUE
ATTN  BANKRUPTCY DIVISION
DEPT 280946
HARRISBURG  PA 17128-0946

PHH MORTGAGE
ATTN BANKRUPTCY
PO BOX 5452
MOUNT LAUREL  NJ 08054-5452

PHH MORTGAGE CORP
CO BRIAN C NICHOLAS ESQ
BNY MELLON INDEPENDENCE CENTER
701 MARKET ST STE 5000
PHILADELPHIA  PA 19106-1541

PHH MORTGAGE CORPORATION
ATTN BANKRUPTCY DEPARTMENT
PO BOX 24605
WEST PALM BEACH  FL 33416-4605

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

PHH MORTGAGE CORPORATION
CO JESSE AP BAKER
ALDRIDGE PITE  LLP
8880 RIO SAN DIEGO DRIVE   SUITE 725
SAN DIEGO  CA 92108-1619

SMALL BUSINESS ADMINISTRATION
UNITED STATES GOVERNMENT
PO BOX 3918
PORTLAND  OR 97208-3918

SMALL BUSINESS ADMINISTRATION AN AGENC
OF T
660 AMERICAN AVE   SUITE 301
KING OF PRUSSIA  PA 19406-4032

SMALL BUSINESS ADMINISTRATION  AN
AGENCY OF
660 AMERICAN AVENUE   SUITE 301
KING OF PRUSSIA  PA 19406-4032

SREEDHAR NOOLI
20239 KENTUCKY OAKS COURT
ASHBURN  VA 20147-3167

SRIVIGNA MANAGEMENT  INC
19010 MAPLE VALLEY CIRCLE
HAGERSTOWN MD 21742-2210

SUNIL CHANCHALA
11 DANIELLE LANE
MONROE TOWNSHIP  NJ 08831-5331

VERIZON
VERIZON WIRELESS BK ADMIN
500 TECHNOLOGY DRIVE   SUITE 550
WELDON SPRINGS  MO 63304-2225

WEST TOWN BANK  TRUST
7820 WEST 26TH STREET
RIVERSIDE  IL 60546-1599

WEST TOWN BANK  TRUST
CO JOHN W LHOTA ESQ
720 SOUTH ATHERTON ST STE 201
STATE COLLEGE  PA 16801-4669

~~EXCLUDE~~
~~GARY J IMBLUM~~
~~IMBLUM LAW OFFICES  PC~~
~~4615 DERRY STREET~~
~~HARRISBURG  PA 17111-2660~~

LISA ANN RYNARD
LAW OFFICE OF LISA A RYNARD
TRUSTEE
240 BROAD STREET
MONTOURSVILLE  PA 17754-2282

DEBTOR
PURVI SRINATH DHARMAPADAM
19010 MAPLE VALLEY CIRCLE
HAGERSTOWN  MD 21742-2210

DEBTOR
SRINATH DHARMAPADAM
19010 MAPLE VALLEY CIRCLE
HAGERSTOWN  MD 21742-2210

COURT'S LIST OF NEF (ELECTRONIC SERVICE) RECIPIENTS:

(Creditor)
West Town Bank & Trust
8450 Falls Neuse Road
Suite 202
Raleigh, NC 27615
represented by:
John William Lhota
Miller, Kistler & Campbell
720 South Atherton Street
Suite 201
State College, PA 16801

JLhota@mkclaw.com

United States Trustee
US Courthouse
1501 N. 6th St
Harrisburg, PA 17102
(Asst. U.S. Trustee)
represented by:
Joseph P Schalk
DOJ-Ust
1501 N. 6th Street
Box 302
Harrisburg, PA 17102

joseph.schalk@usdoj.gov

(Creditor)
Small Business Administration
Parkview tower
1150 first Avenue, Suite 1001
King of Prussia, PA 19406
represented by:
Suzanne P. Conaboy
US Attorney's Office
235 N. Washington Avenue
Suite 311
Scranton, PA 18503

Suzanne.Scanlon@usdoj.gov

(Trustee)
Lisa Ann Rynard
Law Office of Lisa A. Rynard
240 Broad Street
Montoursville, PA 17754

larynard@larynardlaw.com

Brian Nicholas
KML Law Group, P.C.
701 Market Street
Suite 5000
Philadelphia, PA 19106

bnicholas@kmllawgroup.com

(Creditor)
PHH Mortgage Corporation
represented by:
Michael Patrick Farrington
KML Law Group, P.C.
701 Market St.
Suite 5000
Philadelphia, PA 19106

mfarrington@kmllawgroup.com

Srinath Dharmapadam
19010 Maple Valley Circle
Hagerstown, MD 21742
(Debtor 1)
represented by:
Gary J Imblum
Imblum Law Offices, P.C.
4615 Derry Street
Harrisburg, PA 17111

gary.imblum@imblumlaw.com

Purvi Srinath Dharmapadam
19010 Maple Valley Circle
Hagerstown, MD 21742
(Debtor 2)
represented by:
Gary J Imblum
Imblum Law Offices, P.C.
4615 Derry Street
Harrisburg, PA 17111

gary.imblum@imblumlaw.com

(Creditor)
American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701
represented by:
Lisa M. Doran
Doran & Doran, P.C.
69 Public Square, Suite 700
Wilkes-Barre, PA 18701

ldoran@dorananddoran.com