IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CHAPTER 11 |
| SRINATH DHARMAPADAM | : | |
| PURVI SRINATH DHARMAPADAM | : | CASE NO. 4:23-bk-00487 MJC |
| | : | |
| DEBTORS | : | |
| | : | |
| ANDREW R. VARA, | : | |
| UNITED STATES TRUSTEE | : | |
| MOVANT | : | |
| | : | |
| v. | : | |
| | : | |
| SRINATH DHARMAPADAM | : | |
| PURVI SRINATH DHARMAPADAM | : | |
| RESPONDENTS | : | |

**MOTION OF THE UNITED STATES TRUSTEE FOR ENTRY OF AN
ORDER CONVERTING THE MATTER TO A PROCEEDING UNDER CHAPTER 7
OR, IN THE ALTERNATIVE, DISMISS THE INSTANT CASE**

NOW COMES the United States Trustee ("UST"), through undersigned counsel, and respectfully moves this Court to enter an Order converting the instant matter to a proceeding under Chapter 7 or, in the alternative, dismissing the instant matter, and in support thereof, states as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157(a) and (b)(1) and 1334(a) and (b). This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(a), (b)(1) and (2)(A). Venue of this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief sought herein are 11 U.S.C. §§ 105, 704, 1106, 1112; and 28 U.S.C. § 1930. The United States Trustee has standing pursuant to 11 U.S.C. § 307 and 28 U.S.C. §586.

2. On March 8, 2023, Debtors filed a voluntary petition for relief under Subchapter V Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Docket Entry Number[1] 1

3. On March 9, 2023, the UST appointed Lisa Rynard as the Subchapter V Trustee. Doc. No. 7.

4. The UST is charged with certain administrative responsibilities pursuant to Title 28 U.S.C. § 586(a), which includes the supervision of the operation of the debtor and the progress of cases pending under chapter 11.

5. Title 11 U.S.C. § 1112(b) provides that this Honorable Court shall, upon a showing of cause and on request of a party in interest, and after notice and a hearing, convert a case under this chapter to a case under Chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate.

6. Title 11 U.S.C. § 1112(b)(4) provides several examples of cause, but it is well established that cause for conversion or dismissal is not limited to those examples. *In re: Langseth*, 70 B.R. 274 (Bankr. D. N. D. 1987); *In re: Gateway Access Solutions, Inc.*, 374 B.R. 556, 560 (Bankr. M.D. Pa. 2007) (noting that section 1112(b)(4) provides "illustrative examples of cause") (internal quotation marks omitted).

7. In exercising that supervisory responsibility noted above, the UST has found the following grounds for the instant motion.

<u>Missing Monthly Operating Reports:</u>

8. Regardless of the nature of the case, all operating debtors-in-possession are

---

[1] Hereinafter "Doc. No."

required to file Monthly Operating Reports ("MOR"s) and such other information as the United States Trustee, or the Court requires. *See* 11 U.S.C. §§ 308, 704(a) (8), 1106(a)(1), 1107, 1116(b)(4), 1187(b), and Federal Rule of Bankruptcy Procedure 2015(a)(6).

9. Debtors have failed to file the required MORs for November 2023 through December 2023. The Debtors' failure to file or file timely the required MORs has hampered the UST's ability to supervise the case.

10. As the Third Circuit held, a Debtor's obligation to timely file MORs is "one of the most fundamental filing and reporting requirements imposed on a Chapter 11 debtor" and that MORs "and the financial disclosures contained within them are the life-blood of the Chapter 11 process." *In re: Alston*, 2019 U.S. App. LEXIS 4713, *6-7 (3rd Cir. Feb. 15, 2019) (internal citations and quotations omitted).

11. Accordingly, the UST posits that Debtors' failure to file all required MORs on a timely and consistent basis provides cause to convert or dismiss the instant case.

Conclusion

12. Once cause is proven, relief is mandatory unless the debtor meets its burden under § 1112(b)(2). *Gateway Access Solutions, Inc*. 374 B.R. 556, 560 (Bankr. M.D. Pa. 2006).

13. The UST respectfully submits that the conversion of Debtors' Chapter 11 case to a case under Chapter 7 is the appropriate remedy to allow a Chapter 7 Trustee to be appointed to recover and administer assets of the estate for the benefit of creditors. Alternatively, the United States Trustee requests that Debtors' Chapter 11 case be dismissed.

WHEREFORE, for the reasons stated above, the United States Trustee respectfully requests that this Court enter an Order converting the instant case to a proceeding under Chapter

7 or, in the alternative, dismissing the instant case, and granting such other and further relief as is just and equitable.

          Respectfully submitted,

          ANDREW R. VARA
          UNITED STATES TRUSTEE

          D. Troy Sellars
          Assistant United States Trustee

          By: /s/ Joseph P. Schalk
          Joseph P. Schalk, Esq.
          PA ID 91656
          Office of the United States Trustee
          1501 N. 6th Street, Box 302
          Harrisburg, PA 17102
          Tel.: (717) 221-4515/ Fax: (717) 221-4554
          Email: Joseph.Schalk@usdoj.gov

Dated: January 24, 2024